Curia.

The question submitted to the Court is whether, upon the facts stated, the plaintiff in this action can, by law, recover of the defendants the expense he incurred in the necessary relief of the pauper mentioned in the case, and in his writ. And we are all of opinion that the plaintiff is entitled to recover. Our opinion results from the construction of the statute of February 26, 1794.
By the 9th and 13th sections of that statute, it is made the duty of the overseers of the poor, in every town, to provide for the immediate relief of any pauper residing or found within their town, not having a legal settlement there, whether the pauper is settled elsewhere, or have no settlement within the [ * 549 ] * state ; in the former case at the expense of the town where the pauper hath his settlement, and in the latter case at the expense of the commonwealth, if the pauper hath no relatives by law liable for his support.
But the latter part of the 13th section expressly provides that every town shall be holden to pay any expense which shall be necessarily incurred for the relief of any pauper by any inhabitant not liable by law for his support, after notice and request made to the overseers of the said town, and until provision be made by them. This provision is decisive of the question, and relates to paupers of every description, as well those who are prisoners in jail *493 as others. If this construction required any support, the case of Dagget vs. Inhabitants of Dedham is a direct authority. (a)

Judgment for the plaintiff.

In another action at this term, between the same parties, and in which the facts were substantially similar to those in the foregoing case, a like judgment was rendered.

 Dagget vs. Dedham, post, 564. —Adams vs. Wiscasset, 5 Mass. Rep. 528.— Taunton vs. Westport, 12 Mass. Rep. 355. — Paris vs. Hiram, 12 Mass Rep. 262.— Sauward vs. Alfred, 5 Mass. Rep. 244.