*188 The opinion of the Court was afterwards delivered by
Parsons, C. J.
In this case we are satisfied that the verdict is right. Several of the questions of law arising from the report of the judge have been already settled, unless the cause, for which the pauper in this case was confined in gaol, should distinguish the case from others.
It was decided, in Cargill vs. The Inhabitants of Wiscasset (2), that a pauper in gaol is within the ninth section of the statute of 1793, c. 59., and that a gaol-keeper is within the thirteenth section of the same statute. It was also decided in the case of The Inhabitants of Salem vs. The Inhabitants of Andover, cited at the bar, that a relation of a pauper cannot be called on to contribute to his support, but by some other relation, or by the town in which the pauper has his settlement.
[ * 247 ] * In the case of Cargill vs. Wiscasset, the pauper was confined in gaol for debt. In the present case, he was confined for not obeying the order of the Common Pleas, in providing for the maintenance of a bastard child, of which he had been adjudged the putative father.
But it is our opinion that the law is the same in both cases. It is the intention of our poor-laws that no pauper should be left to starve, whether he fall into distress in the town where he has his settlement, or in any other town, whether he be at large, or confined in prison. And certainly it cannot be admitted that the law, which confines a man either to secure him for trial, or for the punishment of an offence, should in the mean time inflict another and more cruel punishment, by making no provision to prevent him from starving, when he can make none himself.
By the statute of 1794, c. 48., all prisoners confined either on a charge or conviction of any crime' or offence against the commonwealth, are made the charge of the commonwealth while in prison. Other prisoners, who are paupers, if they have no settlement within the state, are also a charge on the commonwealth; but if they have settlements, then on the towns in which they are settled. And in the case of a pauper not confined for crimes, the town in which the gaol is, must advance the maintenance, and call for indemnity either on the state, or on a town if he be settled.
In this case the pauper was not confined for a crime against the commonwealth. The suit is a civil remedy to enable the mother to obtain contribution from the putative father, and consequentially an indemnity of the town where the child is settled. And although *189 fornication is, by our laws, a temporal offence, yet in this suit no punishment is sought for or can be inflicted (a).
It would be a hardship on the gaoler, an individual, and generally not of large property, to compel him to advance a support for all his poor prisoners, and seek * for compensa- [ * 248 ] tian at his own expense, where it might be found. It is much more reasonable to enjoin this duty on a town, who may by action at law compel the town where the pauper has his settlement, to reimburse them, or apply to the government, if the pauper has no settlement within the state.
But the shire town, in which the gaol must be kept, complains of this inconvenience. It is an inconvenience without doubt. But the gaol is kept there, because the Courts are there holden; and holding the Courts in any town is considered as a privilege, and is sought for as such. And those who enjoy the conveniences must submit to the inconveniences attending them.

Let judgment be entered on the verdict.

 2 Mass. Rep. 547. — [Doggett vs. Dedham, 2 Mass. 564.]

 Vide Hill vs. Wells, 6 Pick. 104. — Adams vs. Wiscasset, post, 328