The cause being submitted without argument, the opinion of the Court was delivered to the following effect by
Parsons, C. J.
The plaintiff, in support of his demand, must rely upon the statute of 1793, c. 59. § 9. & 13. [*329 ] *By the former of these sections it is made the duty of the overseers of any town to provide for the immediate comfort and relief of all persons residing or found therein, not belonging thereto, when they fall into distress and stand in need of immediate relief, until they be removed. By the latter section, any town is holden to pay any expense, which shall be necessarily incurred for the relief of any person by any inhabitant not liable by law for his support, after notice and request to the overseers.
It has been in several cases (1) determined, that these sections extend to paupers confined in gaol on civil process, it being the humane intention of the law that no person shall be left to perish from his poverty; and that a prisoner in gaol, without any means of support, is a person in distress found within the town in which the county gaol is situated.
In the present case, the plaintiff would extend this provision to prisoners committed foi crimes; and if the question was to be de *255 cided by this statute, there does not seem to be any foundation for making a distinction among prisoners confined for different causes.
But the statute of 1794, c. 48., must govern this cause. By this statute the support of all prisoners, confined on a charge or conviction of crimes or offences against the commonwealth, is made a public charge upon the commonwealth, not to exceed five shillings per week. Poor prisoners in gaol for crimes are therefore not paupers within the former statute.
It appears in this case, that the expenses necessary for the relief of these prisoners necessarily exceeded the public allowance ; and the Sessions cannot allow the plaintiff his demand, or compensate the gaol-keeper, * if he should pay it. In cases [ * 330 ] of this kind, application must be made to the legislature, who will doubtless make the party a reasonable allowance. The plaintiff cannot maintain this action, and he must be called.

Plaintiff nonsmt

 2 Mass. R. 547. 564.