TYLER *against* The inhabitants of the town of BROOKLYN :

### IN ERROR.

Where a transient person, destitute of the means of support, was committed to prison, for the non-payment of a fine, inflicted by a justice of the peace in the town of *L.*, payable into the treasury of that town, it was held, that the town of *B.*, in which the gaol was, was not liable for support, furnished, by the keeper, to the prisoner,

And it seems, that in such case, the town of *L.* would be liable.

This was an action of *assumpsit,* brought by *Tyler,* who was keeper of the *Windham* county gaol, against the town of *Brooklyn,* in which the gaol was, for the support of one *Henry L. Mosher,* a prisoner.

On the 3rd of *April,* 1821, *Mosher,* a transient person, needy, and destitute of the means of support, was committed to the gaol in *Brooklyn,* by virtue of a *mittimus,* issued by *Daniel Hutchinson,* Esq. of *Lebanon,* a justice of the peace for the county of *Windham,* founded on a complaint of one of the grand-jurors of *Lebanon,* and a judgment rendered thereon, by said *Hutchinson.* By the judgment referred to, a fine was inflicted on *Mosher,* payable, with the costs, into the treasury of the town of *Lebanon.* After he had been in gaol, for a considerable time, he paid the fine and costs to *Lebanon ;* but the charges for his commitment and support in prison remaining unsatisfied, he continued in prison until the 7th of *August,* 1821, when the state's attorney, by the direction of the county court, took his note, payable to the treasurer of the town of *Lebanon,* including the present claims of the plaintiff, and discharged him. The attorney afterwards tendered this note to the treasurer of the town of *Lebanon,* who refused to receive it ; and the former now holds it subject to the order of the latter. The support furnished by the plaintiff to *Mosher,* was of the amount and value of 41 dollars, 58 cents ; of which the plaintiff gave due notice to the defendants.

On a case embracing these facts, the county court rendered judgment for the defendants ; and a writ of error being brought thereon in the superior court, it was reserved for the advice of all the Judges.

*W. T. Williams* and *Welch,* for the plaintiff in error.

*Parish,* for the defendants.

HOSMER, Ch. J. On the town of *Brooklyn,* there existed no moral obligation to support *Mosher,* when in gaol; and if there had, it would supply no ground from which to imply a contract for relief furnished without request. *Watson* v. *Turner, Bull, N. P.* 129. 147. 281. *Atkyns* & al. v. *Banwell* & al. 2 *East,* 505.

As little foundation would there be for the supposition, that there was resting on *Brooklyn* a common law obligation, to advance necessary supplies for the pauper.   In *Wennel* v. *Adney,* 3 *Bos. & Pul.* 247. it was said, by Lord *Alvanley,* that parish officers, in a case of necessity, were bound to render assistance; and to the same effect are the cases of *Cargill* v. *Wiscassett,* 2 *Mass. Rep.* 547. and *Daggett* v. *Dedham,* 2 *Mass. Rep.* 564.; but in all these instances, the opinions expressed were founded on statute laws, made for the relief of the poor.

The plaintiff, to sustain his action, must show, that *Brooklyn* was under a legal obligation to relieve the necessities of *Mosher;* and in that event, a contract to retribute him, would be implied against the town.   On this point, there is no obligation imposed by statute or common law, or the least countenance given for the indulgence of such a supposition.   Here I might pause; but a few remarks intimating where obligation lies, may not be unsatisfactory.

By the 11th section of the statute, concerning delinquents, *p.* 233. ed. 1808. when a person prosecuted for any matter of delinquency, who ought to pay the costs of prosecution, shall have no estate to make payment, he may be disposed of in service, to raise the necessary sum; and if the money cannot thus be raised, and the prosecutor was before a justice of the peace, the costs shall be paid out of the treasury of the town, where the trial was had.   On this subject, I would not speak decisively; but I am inclined to the opinion, that, under a liberal construction of the expression, *the costs of prosecution,* the town in which the conviction of *Mosher* was had, and to the treasurer of which, the fine was payable, was bound for his necessary support when in prison.   Although not within the words, literally understood, the town seems to be embraced, by the reason of the law, and by an enlarged, but perhaps not too liberal a construction of its expression.   In all events, for the plaintiff's claim before the court, there exists no foundation.

The other Judges were of the same opinion.

Judgment to be affirmed.