The town of NORWICH *against* HYDE :

#### IN ERROR.

For the support of a prisoner in gaol, committed in pursuance of a convic-
tion of a crime or matter of delinquency, before a justice of the peace, the
town in which such conviction was had, is not liable.
The costs of prosecution, for which such town may eventually be liable, in-
clude only the taxable costs.

THIS was an action of *assumpsit,* brought originally before
a justice of the peace, by *Augustus Hyde,* keeper of the
county gaol in *Norwich,* against the town of *Norwich,* to re-
cover for support furnished, by the plaintiff, to *James Hazard*
and *John Blake,* prisoners in such gaol, from the 8th of *Octo-
ber* to the 27th of *November,* 1827. The declaration stated,
That on the 8th of *October* 1827, in the town of *Norwich,*
*Hazard* and *Blake* were severally tried for and convicted of
a breach of the peace in that town, before *Asa Roath,* Esq., a
justice of the peace for *New-London* county, and were senten-
ced to pay a fine of seven dollars to the treasury of the town
of *Norwich,* to pay also the costs of prosecution, taxed at 4
dollars, 45 cents, and be imprisoned in the common gaol for the
term of one month ; that by virtue of warrants issued on these
judgments, *Hazard* and *Blake* were, on the same day, commit-
ted to the county gaol in *Norwich,* of which the plaintiff was
the keeper, and there remained, until the 27th of *November*
following, when one of the select-men of *Norwich* took their
notes, respectively, for the fines and taxed costs, and discharg-
ed them ; and that during this period, the plaintiff furnished
them with necessary food, drink and washing, to the amount of
10 dollars ; of all which the defendants, on said 27th of *No-
vember,* and also on the 25th of *December,* 1827, had notice.
The cause was appealed to the county court, and was tried be-

*New-London,* fore that court, on the general issue, in *June*, 1828; when the
July, 1829. plaintiff obtained a verdict for the amount of his claim. The
Norwich    defendants filed a motion in arrest for the insufficiency of the
*v.*    declaration; which was overruled, by the court; and judg-
Hyde.    ment was rendered on the verdict. (*a*) The defendants then
brought a writ of error in the superior court; which was re-
served for the advice of this Court.

*J. W. Huntington*, for the plaintiffs in error, contended,
That a town in which a conviction for a public offence is had,
is not liable for the subsequent support of the offender in gaol.
At common law, a town is no more liable than any other civil
corporation, for the support of paupers within its limits. If the
town of *Norwich* is liable, in this case, it must be by express
statutory provision. It cannot be liable for the support of
*these prisoners,* by virtue of the general provisions of our poor
laws; for it does not appear, that either of them had a settle-
ment in *Norwich.* If this town is liable at all, it must be by
virtue of the 115th section of the act concerning crimes and
punishments. *Stat.* 175. That section provides, that if, in
case of the conviction of any person prosecuted for a crime,
the *costs of prosecution* cannot be had out of his estate, *such
costs,* if the trial be before a justice of the peace, shall be paid
out of the treasury of the town wherein the prosecution is had.
The case, then, is narrowed to the question, whether the " ne-
cessary food, drink and washing," furnished by the plaintiff, to
these prisoners, were " costs of prosecution," within the mean-
ing of the statute referred to. That they were not, is evident,
First, from the terms used in the same section, which go to ex-
plain the terms in question. The proceeding intended by that
expression is thus described : " Every person who shall be *in-
formed against, complained of, indicted,* or in any lawful man-
ner *prosecuted,* for any crime or matter of delinquency." The
proceeding, in every variety of form here specified, terminates
with the rendering of final judgment. The last clause " in any
lawful manner prosecuted," is evidently meant to extend as far
as, and no farther than, the previous expressions.

(*a*) There was also a bill of exceptions filed to the charge of the court, the
object of which was, to bring up the question, whether the plaintiff, if enti-
tled to recover at all, was not limited to the sum of one dollar per week for
the support of each prisoner; but the ultimate decision in the case having
superseded this question, the statement necessary to present it, is omitted.

Secondly, the *costs of prosecution* intended by this statute, are such as the justice may draw for *immediately* after the trial ; and he can draw for none, except such as he may draw for immediately. This excludes any costs subsequent to the determination of the prosecution.

Thirdly, from the use of the expression " costs of prosecution" in the statute concerning work-houses, (*Stat.* 481. *tit.* 109. *s.* 5.) where it is used in contradistinction from the *support* of the prisoner. " The earnings of any prisoner more than sufficient to pay for *his support* and the *costs of prosecution* against him," &c.

Fourthly, from the provision in the 114th section of the act concerning crimes, (*p.* 175.) that the expense of " doing exe-" cution, shall be taxed as a part of the costs against the delinquent." This provision would be unnecessary, if the costs of prosecution extended beyond the judgment.

Fifthly, from the consideration that in the statute concerning gaols, (*p.* 252. *s.* 9.) special provision is made for subjecting the prisoner to the expenses of commitment and support. This provision also would be unnecessary, if the costs of prosecution included such expenses.

Sixthly, from the regulations regarding work-houses. By the 6th section of the principal statute (*p.* 481. *s.* 6.) persons committed to work-houses are to be taken care of, at the expense of the town where they belong. By an act passed in 1823, on convictions of theft and breaches of the peace, a justice is authorized, at his discretion, to sentence the delinquent to the work-house of the town in which the conviction was had. Now, upon the plaintiff's construction, if the delinquent is sentenced to imprisonment in the county gaol, the town in which the conviction was had, is liable for his support ; if to a work-house, or to the gaol as a work-house, the town to which he belongs. Did the legislature intend to make such a distinction ; and to leave it to the *discretion* of the justice, whether the burden of support shall fall on his own town or another ?

Lastly, from the general acceptation of the terms—*costs of prosecution.* These, in relation to a criminal proceeding are precisely equivalent to *costs of suit* in a civil cause. In neither case, have they ever been understood to include expenses subsequent to the judgment and execution. Why should the words be wrested from their ordinary signification ?

If it be asked, who is to pay this expense, if the town where

*New-London,* the conviction was had is not liable ; we answer, in the first
July, 1829. place, that we are not to be subjected, merely because no one
Norwich else can be.   But, in the next place, it is reasonable to pre-
*v.* sume, that the state, by whose direction the expense was in-
Hyde. curred, will provide for its reimbursement.

*H. Strong*, contra, after premising, that the gaoler is bound
by law to furnish support to delinquents committed on criminal
prosecutions, and is not to be regarded as a volunteer in so do-
ing, as in case of commitments on civil process, insisted, 1.
That the convictions in this case having been had in the town
of *Norwich*, and the fine being payable to that town, it is liable
to pay *the costs arising upon the prosecution*.   *Stat.* 175. *tit.*
22. *s.* 115.   A different form of expression is subsequently
used, *viz.* " costs of prosecution ;" but this refers to the former,
and evidently means the same thing.

2. That the expression *costs arising upon the prosecution*, as
here used and with reference to this subject, includes the sup-
port of the delinquent after conviction.   *Tyler* v. *Brooklyn*, 5
*Conn. Rep.* 185,6.   Such support is a necessary expense
arising upon the prosecution.   It requires no strained con-
struction to bring it within the very *terms* of the statute.   It
is certainly within its *spirit. Ex concessis*, the board of the
prisoner down to the time of judgment rendered, is to be paid
for out of the town treasury, as this expense is included in the
bill of costs *taxed ;* but why should the prisoner's support be-
fore and after judgment, an expense arising upon the same
prosecution, be paid from different funds?   Indeed, if the
town in which the conviction was had, and into whose treasu-
ry the fine goes, is not to pay, it may well be asked, who is?   No
other town or other corporation is liable.   Is the gaoler, acting
in the faithful discharge of his duty, to be remediless ?

The counsel, in conclusion, relied much on the *practical*
construction of the statute ; insisting, that it had been a long
continued and general practice for the gaoler to obtain satis-
faction for the prisoner's support after conviction, out of the
treasury of the town in which the conviction was had.

WILLIAMS, J.   The question arising upon this record, is sim-
ply, whether the town of *Norwich* is liable to the gaoler for the
support of a person not an inhabitant,—who has been convict-
ed of a breach of the peace in that town, and ordered to pay a

fine to the treasury of the town of *Norwich,* and finally dis-  <span>New-London,</span>
charged by one of the select-men of the town of *Norwich.*      <span>July, 1829.</span>

<span>Norwich<br>*v.*<br>Hyde.</span>

The support of the poor in every community must be by
voluntary aid, or under positive enactments of the legislature.
A town, as such, is under no more obligation to support the
poor in it, than a county, or parish, or school district.   That it
is right and proper, that those who reside in the vicinity, and
may be supposed to be best acquainted with the wants of the
poor, and can most readily supply them, should by law be de-
signated for that purpose, I am not disposed to question.

The duty, however, so far as it is a legal one, must depend
upon the statute provisions.   And the enquiry is—is the town
of *Norwich* liable, by virtue of any statute ?

It has not been contended, that the town is liable under the
general law regarding paupers ;—nor can such a claim be sup-
ported, particularly, when no notice has been given to the se-
lect-men, that such a person required support.   But it is said,
that the town of *Norwich* ought to furnish the support, because
the fine goes to that town, and because they are expressly made
liable to the costs of prosecution.

As to the first, it cannot, of itself be a reason, why the town
should pay the support of the prisoner, any more than that the
county should support a prisoner, when the fine goes into the
county treasury.   Indeed, this is not claimed to be conclusive ;
but this is drawn in to aid the argument that it was the inten-
tion of the legislature.

The act relied on is the 115th sect. of the statute concerning
crimes and punishments ; (*p.* 175.) by which it is enacted,
that he who is convicted of any crime, " shall pay all the neces-
sary costs arising upon such prosecution before he shall be dis-
charged ; but if the costs of prosecution cannot be obtained
out of his estate, such costs, if the prosecution be in the county
or superior court, shall be paid out of the state treasury,—
and, if before a justice of the peace, out of the treasury of the
town where the trial was had."   And the question now to be
decided, is, whether the support in prison after conviction, is a
part of the costs of prosecution.

It is believed, that the words " all the necessary costs *arising
upon such prosecution,*" must be construed to mean the same
as the *costs of prosecution ;* because provision had been made
in another statute, that criminals should pay for their *support*
in prison ; (*Stat. tit.* Gaols, *sect.* 9. *p.* 252.) and because the

New-London,
July, 1829.

Norwich
v.
Hyde.

very next sentence (which it is claimed subjects the town) speaks only of the *costs of prosecution.* The town is subjected only to pay the *costs of prosecution :* what, then, is included in that phrase ? The terms *costs of suit* and *costs of prosecution* have a known technical meaning, as well understood by lawyers as the term *suit* or *prosecution.* The expression does not mean all the expenses incurred ; but it means the expenses *pending the suit,* as allowed or taxed by the court. Lord *Coke* says, costs are *expensae lites,* and shall be allowed for expenses *pending the suit. Pelford's* case, 10 *Co.* 117. Even the officer's fees on execution or warrant, are not included in the costs, properly so called ;—but the officer is directed to levy to satisfy damages and costs and *his own fees.* And in the 114th sect. of the same statute regarding crimes and punishments, a special provision exists,—that reasonable satisfaction shall be made to the officer, as the court or justice shall allow, and shall be taxed as part of the costs, and shall be paid as provided by law for the payment of other charges of prosecution. But this provision would have been entirely unnecessary, if this was part of the costs of prosecution.

In the 5th sect. of the act concerning work-houses, (*p.* 481.) persons committed, if unable to support themselves, must be provided for, at the expense of the town where they belong. And for certain offences justices have a right, at their discretion, to commit to the work-house or gaol. (*Stat. vol. 2. p.* 30.) It certainly would be very strange, if a person, for the same offence, and tried by the s me court, should be required to be supported by the town where he belonged, or by the town where he was tried, according to the *discretion* of the justice who tried the cause. Besides, under the old law, all our gaols were, or might be, work-houses. Under that law, then, (according to the claim of the gaoler) if one was convicted and sent to the gaol as a work-house, or house of correction, he must be supported by the town to which he belonged ; but if sent generally to the same place, as a gaol, he must be supported by the town where the conviction was had. Such a construction cannot be adopted.

Further, by the statute under which the claim is made, the justice may draw on the town treasury, *immediately* after the prosecution is determined, for the amount of *such costs.* It would seem, that the legislature could have had in view only the costs *before* conviction, and not costs or expenses arising af-

terwards ; for the justice is authorized to draw but *once*, and
that *immediately*, and then for the *costs* of prosecution.  They
have here made no provision for costs or expenses arising af-
terwards; nor is the court informed of any usage, that will au-
thorize the construction contended for.

New-London,
July, 1829.

Norwich
*v.*
Hyde.

It is said, indeed, that when similar language is used, the su-
perior and county courts allow and tax support, and draw on
the state treasury therefor.  This is true ; and the practice is
easily accounted for.  All agree, that it is the duty of the gaol-
er, by law, to provide support for criminals or delinquents, who
cannot provide for themselves.  And if the state has imposed
this as a duty upon one of their officers, it would be derogatory
to their honour, to suppose, that they would not reimburse him
for this service, if they have provided no other means of pay-
ment for him.  Accordingly, in convictions by the county and
superior courts, no question has arisen.  It has been conceded,
that the man who was employed, by the state, to furnish their
support, should be paid by them.  But how should the amount
of his claim be ascertained ?  The comptroller and treasurer
were often in a distant part of the state, and had no means of
ascertaining the amount of claim, except by the party, or from
the court.  A certificate, therefore, from the court who con-
victed, or an order for this purpose, was the best evidence these
officers could have ; and I apprehend, this practice has thus
arisen.  But the practice cannot authorize a justice of the
peace to draw on the town treasury in the same manner, un-
less it is first proved, that the town are liable ; which is the
very point in dispute.

But it is said, that we have the authority of the Chief Justice,
in the case of *Tyler* v. *Brooklyn*, 5 *Conn. Rep.* 185.  It might
be enough to say, that in that case, this point was not before the
court ; as the suit was not against the town where the convic-
tion was had.  It is, therefore, an opinion which could not be
binding on this court.  But it ought further to be remarked,
that the Chief Justice does not mean to give an opinion upon
that point.  He suggests, indeed, that *perhaps* it would not be
too liberal a construction of the statute ; and that *he is inclined*
to the opinion ; but lest it should be claimed as an authority, he
says further, " upon this subject I would not decisively speak."
Under these circumstances, there is no reason why the court
should not give to the statute its proper construction.

It is asked, however, if *Norwich* is not liable, who is ?  where

*New-London,*
July, 1829.

Norwich
/ v.
Hyde.

shall we go? The gaoler is entitled to a reimbursement. I answer, if the legislature have not pointed out a place for him to receive his money, it is not for the court to do it. But if they have imposed upon him a burthen, it is not to be believed, that upon suitable application, they will refuse a recompense.

I am, therefore, of opinion, that the superior court be advised, that there is error in the judgment complained of.

The other Judges were of the same opinion.

Judgment to be reversed.