## NATHANIEL WATSON *versus* The Inhabitants of CAMBRIDGE.

Where an alien woman having a nursing infant, which stood in need of immediate relief, was committed to a jail or house of correction, it was *held*, that such infant was not within the provision of any of the statutes making the support of convicts and persons confined on criminal prosecutions a charge upon the Commonwealth. *St.* 1794, *c.* 48, § 1. [Revised Stat.*c.* 143, § 15, 16.]

If the town in which the house of correction is situated, after due notice and request by the master thereof, refuse to assume the support of such infant, the master may recover against the town, the expenses incurred by him on account of such infant, for clothing, medicine, washing, &c.

But he cannot recover against the town for any articles of food and nourishment furnished the mother in consequence of her having an infant at the breast, different from, and in addition to, what he was required to furnish to other inmates of the house of correction ; but the expenses thereof are chargeable to the Commonwealth, in the same manner as the general support of the mother.

By an agreed statement of facts it appeared, that this was an action brought by the keeper of the jail and master of the house of correction in Cambridge, to recover for the support of certain nursing infants, who were paupers ; that the mothers of the paupers were foreigners having no legal settlement in this State, and were duly sentenced to, and confined in, the jail or house of correction during the time when the plaintiff furnished such support ; that at the time of their committal, they had their infants with them ; and that in each case due notice, and request of payment, were given and made to the overseers of the town of Cambridge.

The plaintiff furnished the paupers, who were in a destitute condition, with the clothing and medicine necessary for their relief and comfort, and procured their washing and such other things to be done, as the mothers could not do in consequence of their confinement. The mothers, however, took the principal care of the paupers ; and the plaintiff furnished no food for the paupers, (except crackers and milk occasionally,) but supplied the mothers with some articles of food and nourishment, in consequence of their having infants at the breast, different from, and in addition to, what he was accustomed or required to furnish to other inmates of the jail or house of correction

The plaintiff was paid the fixed allowance per week, for the support of the mothers, but had received nothing for what he had done or furnished for the children.

If the Court should be of opinion, upon these facts, that the plaintiff was entitled to recover any thing in this action, he was to have judgment for the amount of his account, with interest; otherwise he was to be nonsuited.

*Buttrick*, for the plaintiff, cited *Cargill* v. *Wiscasset*, 2 Mass. R. 547; *Doggett* v. *Dedham*, 2 Mass. R. 564; *Adams* v. *Wiscasset*, 5 Mass. R. 329; *Sayward* v. *Alfred*, 5 Mass. R. 244; *St.* 1793, *c.* 59, § 9, 13.

*Chamberlain*, for the defendants.

SHAW C. J. delivered the opinion of the Court. These infants were persons casually placed under the care of the jailer and master of the house of correction, as necessarily accompanying their mothers, when committed; but they were not themselves committed for any crime or offence, or by order of law. They were, therefore, not within the provision of any of the statutes making the support of convicts, and persons confined on criminal prosecutions, a charge upon the Commonwealth. *St.* 1794, *c.* 48, § 1. [Revised Stat. *c.* 143, § 15, 16.] But they were persons, found in the town of Cambridge, standing in immediate need of relief, of which, in each case, the town had notice, and they were bound to furnish such relief. *St.* 1793, *c.* 59, § 9, 13. The plaintiff was an inhabitant of Cambridge, not liable for the support of these paupers, so situated that it was proper that he should relieve them, and, therefore, after notice, by force of the statute the town became liable to pay him. *St.* 1793, *c.* 59, § 13; *Cargill* v. *Wiscasset*, 2 Mass. R. 547; *Sayward* v. *Alfred*, 5 Mass. R. 244.

On notice to the overseers of the town where the pauper happens to be, or is thus found, they must judge whether they will pay the keeper of the house of correction, or provide for the support of the child themselves, in some other place; and in either case they will have their remedy for reimbursement, either on the town of the child's settlement, if there be any within the State, otherwise upon the Commonwealth. If indeed the infant is of such tender years, that it would be obviously unfit and improper to remove it from the mother, the

*Watson v. Cambridge.*

*Jan. 19th, 1837.*

*Jan. 21st 1837*

same rule would apply, as in case of a pauper too ill to be removed, or where from any cause a removal would endanger life or health.   Such a case would obviously be an exception to the right of overseers to remove, and would oblige the town to afford relief at the place where it is required.

But in the present case, the defendant town, not admitting their liability, refused to assume the support of these children, in any form, and, therefore, by the general law became liable to the plaintiff, who furnished it, after notice.   The law, in this respect, is not changed by the Revised Statutes.

Whatever was done for the mothers, though the allowance was greater than would have been made if they had not had nursing children, must still be considered as done for the relief of the mothers, and as such chargeable to the Commonwealth, in the same manner as the general support of the mother.

*Defendants defaulted.*