## A. J. GUERRANT v. MELANCTHON SMITH et al.

1. ARBITRATORS—POWER OF.—It is a general rule that arbitrators have power to order a party to the submission to execute a release to another party to the submission, of or concerning any claim or demand constituting a portion of the subject-matter of the arbitration, or the whole thereof.

2. ARBITRATORS—AWARD.—The award made by two arbitrators in connection with a third party called in by them because of disagreement, under the authority of the articles of submission, is the award of the arbitrators, and binding upon all the parties to the submission, and the securities upon the bonds given by the parties to abide by and perform the award.

3. CASE IN JUDGMENT.—G. and S. being partners in a mill, and having gotten into a controversy, G. withdrew, and the partners submitted all matter of difference between them to the arbitratment and award of M. and T., who were authorized to call in a third party in case of disagreement. M. and T. awarded, among other things, that G. should release all claim and interest in and to the mill, and partnership accounts and assets, and that S. should pay G. $1,128. G. failed to execute and deliver the release, and S. refused to pay the $1,128, whereupon G. brought suit on the bond executed by S., to abide by and perform the award. *Held,* that the execution and delivery of a release was a condition precedent to a right to sue upon the submission bond, for the sum awarded by the arbitrators.

ERROR to the circuit court of Clarke county. HAN-COCK, J.

All the facts necessary to a full understanding of the case are found in the opinion of the court.

*S. A. D. Steele,* for plaintiff in error,

Cited 2 Phill. Ev., p. 162, note 225 ; 1 Saund. 327 *a* ; Vaile v. Troy and Boston R. R., 20 N. Y. 187 ; Rison v. Berry, 4 Rand. 275 ; Beck v. Sargent, 4 Taunt. 232 ; 2 Johns. Ch. 352 ; Ott v. Schroeppell, 5 N. Y. 491 ; Jenkins v. Meagher, 46 Miss. 93.

*A. H. Handy,* for defendants in error.

1. The liability of the sureties is distinctly limited by the bond. By its plain terms they were only bound for their principal's performance of an award to be made by Terral and Moody alone. It is admitted that none was made by them, and that they were unable to agree upon one. The sureties' contract and obligation

was, therefore, at an end.    The terms of their obligation did not bind them for an award made by the intervention of Massingale, a third person.    9 Wheat. 680; 15 Pet. 187; 38 Miss. 476.

2. The execution and delivery of a release being plainly a condition precedent to the payment of the money by Smith, and to his full enjoyment of the rights consequent thereon, the replication to defendant's plea was insufficient.

PEYTON, C. J.:

On the 23d day of January, 1866, A. J. Guerrant and Melancthon Smith entered into a written agreement to submit certain matters in difference between them to the arbitrament and award of Martin L. Moody and S. H. Terral, with authority to them, in case of their disagreement, to select a third party to act with them in the determination of the matters referred to them.    And the said arbitrators, not being able to agree, in pursuance of the power and authority thus given them by the agreement of submission, selected and chose George M. Massengale to sit with them in determining the matters in controversy.    And at the time of entering into said submission the said Melancthon Smith, as principal, and Thomas S. Parker, A. S. Arrington and Ira J. Carter, made and executed their obligation to A. J. Guerrant, that the said Smith shall abide by and perform the award of the said S. H. Terral and M. L. Moody, and to pay the said A. J. Guerrant any sums of money, that may be awarded against him by said arbitrators.

On the 17th day of February, 1866, the said S. H. Terral, M. L. Moody and G. M. Massingale made and published their award, whereby they awarded, among other things, that the said Guerrant shall release all claim and interest in a certain mill, and the accounts and claims due or owing on account of the same, to the

said Melancthon Smith, and that the said Smith shall pay to the said A. G. Guerrant eleven hundred and twenty-eight dollars.

The said A. G. Guerrant instituted suit against the said Smith and his said sureties on said arbitration bond, and assigned as a breach thereof the non-payment of the said eleven hundred and twenty-eight dollars.

To the plaintiff's declaration the defendants pleaded that the plaintiff hath not, at any time previous to the commencement of this suit, or subsequent thereto, executed to defendant Smith, or tendered or offered to him a release of all claim and interest in and to said mill, and the accounts and claims due and owing on account of the same, as by the said award he is required to do as a consideration precedent to the payment of said sum of money.

To this plea the plaintiff replies that the partnership between Smith and himself in the mill was a verbal partnership, and that the plaintiff had no written title to the same, or to the land on which it stood, and that by the said award the partnership was dissolved, and the plaintiff then and there assigned by delivery the said books and accounts belonging to said firm to the defendant, Smith, and thereby verbally released to the said defendant the undisturbed control and management of the said mill, books and accounts, and has not claimed, and does not claim, any interest in or to the said partnership assets or effects, and that said defendant Smith is still in possession of the same.

At the August term of the court, 1869, the defendants, Ira J. Carter and A. S. Arrington, filed an additional plea, alleging that they were only sureties of M. Smith on the bond sued on, and by the terms of which they only undertook that their principal should abide by and perform the award made by S. H. Terral and M. L. Moody, and not that made by S. H. Terral, M. L. Moody and G. M. Massingale.

To this plea the plaintiff replies by setting out that portion of the agreement to submit, which empowered and authorized the arbitrators appointed by the parties to select a third arbitrator to act with them in the event of their disagreement, and avers that the arbitrament and award of the said arbitrators, Terral, Moody and Massingale, was and is the said S. H. Terral and M. L. Moody in law.

To these replications the defendant interposed demurrers, which were sustained by the court and judgment rendered in favor of defendants, and from that judgment the plaintiff brings the case to this court, and assigns for error the action of the court below in sustaining the demurrers to the replications.

It may be laid down as a general rule, that arbitrators have power to order a party to the submission to execute a release to another party to the submission of or concerning any claim or demand constituting a portion of the subject-matter of the arbitration, or the whole thereof; and as the award in this case required that Guerrant should release all his claim and interest in the mill, and accounts due or owing on account of the same, to Smith, and that said Smith should pay to him the sum of $1,128, it was evidently intended by the arbitrators that the release should be a technical release or one in writing under seal, so as to invest Smith with the sole and entire interest in the property. This we regard as a condition precedent to Guerrant's right to recover the sum of money awarded to be paid by Smith to him. McNeil v. Magee, 5 Mass. 244. The defendants' first plea, therefore, presents a good bar to this action, and the plaintiff's replication thereto setting up a mere verbal release is not a good answer to the plea, and therefore the court below did not err in sustaining the demurrer to it.

The only remaining question to be disposed of, is that which arises out of the plea of the sureties on Smith's

bond, in which they say that they only undertook that their principal should perform whatever may be required of him by the award made by S. H. Terral and M. L. Moody, and not that made by S. H. Terral, M. L. Moody and G. M. Massingale.

This defense cannot avail these defendants; for, even if they were not liable on the award made by S. H. Terral, M. L. Moody and G. M. Massingale, which we deem it unnecessary on this occasion to decide, they are undoubtedly liable on the award made by S. H. Terral and M. L. Moody; and although the award in this case was made by said Terral and Moody in conjunction with one G. M. Massingale, it is nevertheless their award.

Suppose, after the selection of Massingale to sit and act with them in the arbitration, the said Terral and Moody had agreed upon their award, and had published and delivered the same as their award, to which Massingale disagreed, it certainly would, notwithstanding the disagreement of Massingale, have been the award of Terral and Moody; for it has been held, where the submission, as in this case, is to two, with a provision that in case they cannot agree, a third is to be called in, it is an inevitable inference that the decision of two out of the three will be binding, and an award made by two will be upheld as valid; Battey v. Button, 13 Johns. 187; Fry v. Scott, 3 Cr. C. C. 294, and Morse on Arbitration and Award, 163; and the concurrence of Massingale in it will not vitiate it as the award of Terral and Moody; and, although the replication to this plea is bad in form, the plea itself is bad in substance, as constituting no bar to the action, and therefore the court erred in not sustaining the demurrer to the replication to said plea, for it is said that a bad replication is a sufficient answer to a bad plea.

Inasmuch as the plaintiff has failed to put the defendants in default by neglecting to execute a technical

release in writing to defendant, Smith, or to tender the
same to him, the court below did not err in rendering
judgment for the defendants on their first plea.

<i>The judgment will therefore be affirmed.</i>