## CARY V. DUCKER.

1. COSTS: *Meaning of term: Power to tax.*

The term "costs," means expenses pending the suit, as allowed or taxed by the court; and a court without jurisdiction of the subject matter of an action cannot "allow or tax" costs therein.

2. SAME: *Action on bond: Defenses.*

A bond was given under Section 1036 Mansfield's Digest, for the payment of the costs of a suit brought in the Circuit Court by a non-resident. A judgment obtained by the plaintiff in such suit having been reversed on appeal, the defendant therein brought an action on the bond to recover a sum alleged to have been paid by him as costs. The defendant in the latter action filed an answer, by the second paragraph of which he alleged that he had no knowledge or information sufficient to form a belief as to whether any costs had been adjudged to plaintiff. By the third paragraph he alleged that he had no knowledge or information sufficient to form a belief as to whether the costs alleged to have been paid by the plaintiff were authorized by law, or as to whether the same, or any part thereof, had been paid. The fourth paragraph alleged that the court which tried the cause in which said bond was given had no jurisdiction thereof, and that all its proceedings with reference to said bond were void. HELD, That the second and third paragraphs of the answer presented valid defenses, but a demurrer was properly sustained to the fourth, since the Supreme Court had jurisdiction to determine the cause on appeal, and to give judgment for costs incurred there.

3. SAME: *Same: Instructions:*

In such suit to recover costs, it was error to refuse to instruct the jury that it devolves on the plaintiff to prove that the costs which he sought to recover, were adjudged to him in the action in which they were incurred by a court having jurisdiction of the subject matter of that action. But a request to instruct that the plaintiff must show " that the bond was executed by the defendant in manner and form as charged" in the complaint; "that the court had jurisdiction of the subject matter of the action, and that the costs paid by plaintiff, were costs allowed by law for such services as were rendered," was properly refused.

4. EVIDENCE: *To prove matters of record.*

The rendition of a judgment by the Circuit Court, an appeal therefrom, the reversal of the judgment by the Supreme Court, and the taxation of costs in the cause by the Clerk, are all matters which must be proved by the record of such proceedings, unless it has been dertroyed.

APPEAL from *Carroll* Circuit Court, Western District.

J. M. PITTMAN, Judge.

Cary v. Ducker.

This was an action on a bond given for the payment of costs under section 1036, Mansfield's Digest, which provides that "a plaintiff who is a non-resident  *   *   *   before commencing an action shall file in the Clerk's office a bond, with sufficient surety, to be approved by the Clerk, for the payment of all costs which may accrue in the action in the court in which it is brought, or in any other to which it may be carried, either to the defendant or to the officers of the court." The bond is in the following form :

"We undertake that the plaintiffs, A. Mercia and J. W. Petty, shall pay to the defendants, J. O. and Daisy I. Ducker, and to the officers of the court, all costs that may accrue to them in this action, either in the Carroll Circuit Court, Western District, or in any other court to which it may be carried.

(Signed)                              "CRUMP & WATKINS,

                                      "J. W. CARY,

                                      "M. H. JONES."

A judgment obtained by the plaintiff in the suit in which the bond was executed, was reversed, and the defendants· therein brought this action on the bond to recover a sum alleged to have been paid by them as costs. The defendant in the latter action filed an answer by the second paragraph of which he alleged that he had no knowledge or information sufficient to form a belief as to whether any costs had been adjudged to plaintiffs. By the third paragraph he alleged that he had no knowledge or information sufficient to form a belief as to whether the costs alleged to have been paid by the plaintiffs were authorized by law, or as to whether the same, or any part thereof, had been paid. The fourth paragraph of the answer alleged that the court, which tried the cause in which the bond for costs was given, had no jurisdiction thereof, and that all its proceedings with reference to said bond were void. The court below sustained a demurrer to each of said paragraphs. On the trial the defendant requested the following instructions, which were refused :

Cary v. Ducker.

"1.   The court instructs the jury that before the plaintiffs can recover on the bond in this action in any amount, it devolves on them to show by a preponderance of the evidence that the costs claimed by them were incurred and adjudged to them by a court having jurisdiction of the subject matter in the action in which such costs were adjudged and incurred.

"2.   The court instructs the jury that it devolves on the plaintiffs to show, by a preponderance of the testimony, that the bond was executed by the defendant in manner and form as charged by the plaintiffs in their complaint; and that the court had jurisdiction of the subject matter of the action; and that the costs paid by the plaintiffs were costs allowed by law for such services as were rendered."

The verdict was for the plaintiffs, and the defendant appealed.

*Crump & Watkins* and *W. S. McCain*, for appellant.

1.   The court erred in sustaining the demurrer to second plea.   If it was indefinite, the objection could not be taken by demurrer.   *31 Ark., 379, 659.*

2.   The third plea was good.   Plaintiffs could not recover without showing that they had actually paid costs, that is, legal fees.   *Bouvier Law Dict.*, Costs, *47 Ark., 443; 25 id., 235; Mans. Dig., sec. 1062.*

3.   The bond is for costs.   There can be no costs where there is no jurisdiction.   *13 How. (U. S.), 369; 47 Ark., 443; Mansf. Dig., sec. 1043; 33 id., 688; Wells on Jur. Courts, sec. 15; 6 Wall., 247 ; 8 Cranch, 9 ; 1 Ark., 55 ; 24 id., 177; 10 id., 569; ib., 265; 27 id., 20; 21 id., 93; 7 Cow., 424.*

The bond is not good at common law.   It recites no consideration and none is alleged in the complaint.   Not being a good common law bond, it falls with the jurisdiction of the court.   *31 Ark., 33; Drake on Att., sec. 319; 34 id., 529; 15 Johns., 256; 27 Ala., 44; 12 Ind., 556; 1 Duval (Ky.), 199; 2 id., 376 ; 7 Barb. (N. Y.), 253 ; 62 id., 175 ; 3 Keyes (N. Y.), 97 ; 1 Denio, 184.*

Cary v. Ducker.

COSTS:
Power to
tax, etc.

SANDELS, J. The fourth ground of appellant's motion for new trial challenged the correctness of the decision of the court in sustaining plaintiff's demurrer to the second, third, and fourth paragraphs of his answer. Both the second and third paragraphs presented good defenses. The demurrer was properly sustained to the fourth paragraph.

The fifth assignment of error is the admission of the testimony of J. O. Ducker as to the rendition of judgment in the Washington Circuit Court, the appeal by appellees to the Supreme Court, the reversal of said case in the Supreme Court, the taxation of costs by the Clerk, etc. All of this was provable only by the record, unless it had been destroyed. There was no claim of that kind here.

The sixth assignment of error is the refusal to give instructions numbered one and two, asked by appellant. There was no error in refusing instruction No. 2. But instruction numbered one, correctly stated the law and should have been given The term "costs" has a known technical meaning, as well understood by lawyers as the word "suit" or "prosecution." The expression does not mean all the expenses incurred; but it means expenses *pending the suit,* as *allowed or taxed* by the court. *Norwich v. Hyde, 7 Conn., 533.* A court without jurisdiction of the subject matter of an action, cannot "allow or tax" costs incidental to such proceedings.

The Supreme Court had jurisdiction to hear and determine the cause on appeal, and costs incurred there are legally taxable. *Hightower v. Handlin & Venny, 27 Ark., 20.*

Reverse and remand.