EDWARD THOMPSON COMPANY *v.* HENSON.

Opinion delivered March 8, 1920.

COURTS—JURISDICTION OF CIRCUIT COURT.—An action on an account for $27 and on nine notes for $10 each *held* not within the jurisdiction of the circuit court.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Jas. H. Johnson,* for appellant.

The only question is, did the court have jurisdiction? If it did, it erred in sustaining the demurrer. The contract of the purchase and the notes constituted one entire contract and the court had jurisdiction. 59 Ark. 86; 56 S. W. 374; 78 Ark. 490; 95 S. W. 804; 136 S. W. 177; 26 Ark. 240; 28 *Id.* 391; 49 *Id.* 320; 5 S. W. 339; 10 Ark. 326. The contract was not severable. 13 C. J., p. 564, par. 6, § 530; 10 Ark. 326; 140 S. W. 840; 59 Pa. Sup. 8. The contract was entire. 1 Bouvier, Law Dict., p. 660.

*Hays & Ward,* for appellee.

The amount of each separate demand and not the aggregate determines the jurisdiction. 74 Ark. 615; 83 Ark. 374; 85 *Id.* 213. The court had no jurisdiction and the ruling was correct. Cases *supra.*

McCULLOCH, C. J. Appellant is a foreign corporation engaged in the publication of law books, and entered into a written contract with appellee for the sale to the latter of a current set of law reports at a stipulated price. The contract of sale covered 28 volumes of the published reports at the price of $5 per volume and two digests for $7, and it was stipulated that the payments were to be made, $7 cash, and "the balance in installments of $10 each, to be evidenced by my notes payable every two months from date thereof." The contract also contained a subscription for the unpublished volumes. Appellee executed notes in accordance with the contract, and later received four additional volumes of the reports as the same were published, and made payments in the aggregate of $62, leaving a balance of $117, as evidenced by nine of the notes and an open account for $27.

Appellant instituted this action against appellee in the circuit court of Pope County, exhibiting the original contract and the account and the notes. Appellee entered a plea to the jurisdiction of the court on the ground that the suit was on the notes and the additional account, and was not within the jurisdiction of the court. The circuit court sustained the plea and dismissed the action.

The suit was necessarily on the notes and the open account for $27, all of which constituted separate causes of action within the exclusive jurisdiction of justices of the peace. The facts of the case are identical with the facts in *American Soda Fountain Co.* v. *Battle,* 85 Ark. 213, and the decision in that case is conclusive of the present case.

Judgment affirmed.