## Gregory vs. Williams.

Several notes or obligations, each within the jurisdiction of a justice of the peace, are several demands, and cannot be united so as to confer jurisdiction upon the circuit court, as held in *Berry vs. Linton*, 1 *Ark.*, 252; but if the indebtedness is an open account, though composed of several items, of different dates, and arising out of different dealings and transactions between the parties, the aggregate amount constitutes the demand, and if that is within the jurisdiction of the circuit court, the items cannot be separated so as to bring several suits before a justice of the peace.

It may be more regular, where a demand above the jurisdiction of a justice, has been divided and several suits brought, to consolidate the suits, on appeal, in the circuit court, and dismiss for want of jurisdiction; but if the cases be severally dismissed, such practice is not cause of error.

Where a justice of the peace has no jurisdiction, none is conferred on the circuit court by appeal; and it is error in dismissing the case, to render judgment against the appellant for costs.

### Error to Dallas Circuit Court.

Hon. Liberty Bartlett, Circuit Judge.

Watkins & Rose, for the Plaintiff.

1. These several cases were not consolidated in the circuit court, nor before the justice; and were as separate and distinct as if between different parties or in different courts.

2. Each one of these claims seems to be upon a wholly separate and distinct cause of action. *Berry vs. Linton*, 1 *Ark.*, 251.

3. If the justice had no jurisdiction, the circuit court acquired none by appeal, and it was error to render judgment for cost on dismissing the case. 1 *Ark.*, 55; 1 *Eng.*, 182; 4 *id.*, 463.

Mr. Chief Justice Yonley delivered the opinion of the court.

The plaintiff in error brought his three several suits by attachment, before Thomas Peterson, a justice of the peace in and for Holly Springs township, in Dallas county, on the fourth day of

13

October, 1865, against the defendant in error, and filed with said justice three separate bills of items, the first for eighty dollars, and the second and third for seventy-five dollars each, for the hire of a negro girl of the plaintiff in error, for the years 1862, 1863 and 1864 respectively.

On the return day thereof, the writ of attachment having been personally served upon the defendant, both he and the plaintiff appeared in person and the said causes were severally submitted to the justice upon the testimony; and judgments were rendered therein in favor of the plaintiff; from each of which judgments the defendant appealed to the circuit court of Dallas county.

At the March term, 1866, of the Dallas circuit court, both parties appeared by their attorneys, and the defendant in error filed his motion in the cause standing first upon the docket of the said circuit court, moving the court to dismiss said cause, and the two others, which are referred to in said motion by their docket numbers, from the docket of said court, because said several suits were instituted before the same justice of the peace, by the said Gregory, against the said Williams, upon three accounts which constituted but one demand, and that the amount in controversy was the aggregate of said several accounts sued upon, which when taken together amounted to the sum of two hundred and thirty dollars, which sum was over the jurisdiction of the justice of the peace; and also filed a like motion in each of the other causes.

The several motions were submitted to the court, and by the court sustained, and a judgment of dismissal and for costs was rendered in each case against the plaintiff in error. To which rulings and decisions of the court Gregory excepted, and has brought the said causes before this court by writ of error.

The errors assigned are: 1st. The dismissal of said suits. 2d. The rendering of judgments for costs against the plaintiff in error.

The jurisdiction of every justice of the peace, as enlarged by the recent constitution of this state, extends to actions of debt and assumpsit and all other actions founded upon contract, where the debt or balance due, or damage claimed, excluding interest, does

not exceed two hundred dollars: and a justice of the peace has no jurisdiction of a demand for a larger sum of money, and the sum in controversy is the criterion of the jurisdiction of a justice of the peace, and not the form of action. *Walker as com. vs. Byrd et al.*, 15 *Ark.*, 33.

The doctrine contended for by the plaintiff in error is, that the amount due him for the service of the negro girl for each year constitutes a separate demand, distinct in itself, and for the recovery of which he had a right to institute a separate and independent action. That the respective sums due him arose upon distinct contracts, and fell due at different times, and do not therefore constitute one debt or demand; but that each is a separate demand, and in support of his position relies upon the case of *Berry vs. Linton*, reported in the 1st vol. *Ark. Rep.*, p. 252.

The case of *Berry vs. Linton*, it is believed, does not sustain the position assumed by the plaintiff in error; for, in that case, a suit was brought in the circuit court upon three distinct writings obligatory, amounting to the sum of one hundred and twenty dollars and forty cents; and this court held that the sum of money specified in each of said writings obligatory constituted a separate demand, and that the sum due by each and not the aggregate of all must be looked to to ascertain to what jurisdiction that suit belonged, and that the plaintiff could not confer jurisdiction upon the circuit court by joining in his declaration several distinct demands, each for less than one hundred dollars, although they amounted in the aggregate to over that sum.

The several writings obligatory, upon which that action was brought, were, each in itself, a distinct demand, a separate debt, evidenced by a written obligation, and severed from each other by the act of the obligor, in signing his obligation therefor. *Barns vs. Holland*, 2 *Mo.*, 34. Had that suit been upon an account for the sum of one hundred and twenty dollars and forty cents, composed of three different items, of different dates, and arising out of different contracts, can it be supposed that the court would have held that each item in the account constituted

a separate demand, and should have been declared on as such? Would the court have looked to the items of the account to have ascertained the sum in controversy, or to the aggregate amount of the items contained in the account? We certainly think to the latter only.

A writing obligatory, or a promissory note, as between the parties thereto, is a separate and distinct demand, so made by the parties, and the fact that a plaintiff holds several such instruments against the defendant does not alter the distinctive character of either, and each remains, notwithstanding, a separate demand, and the sum of money specified in each, where several of such writings obligatory or promissory notes are sued upon, and not the aggregate amount of all, is the criterion by which it is to be determined whether the justices' court has jurisdiction.

The case of *Berry vs. Linton* decides that the jurisdiction of circuit or justices' courts of this state is, by law, made to depend upon the amount of each separate demand in controversy between the parties; and that, while it is expressly enunciated that several separate and distinct demands cannot be added together for the purpose of giving the circuit court jurisdiction, the decision is equally as apposite to show that a demand which is over the justice's court cannot be severed and split up for the purpose of conferring jurisdiction upon that court. That decision is to the effect, that it is not the aggregate of separate demands, but each separate demand which determines the question of jurisdiction, and this is the full length to which that decision has gone.

While it is true that every written acknowledgment of indebtness, which may be made the foundation of an action at law, is a separate demand, it is not true, as a proposition of law, that the several items of an open account, although of different dates and arising out of different dealings and transactions between parties, are each separate demands, and can be sued upon as such. All the items of indebtedness, in the nature of accounts, subsisting between the parties at the time of the commencement of a suit for the recovery, constitute the debt, demand, or sum in contro-

versy, and is an entire demand: and if the aggregate of all the items amounts to a sum beyond the jurisdiction of the justice, the difficulty cannot be obviated, and jurisdiction conferred upon that court by bringing suits upon the several items of the account. *Willard vs. Sperry*, 16 *John.*, 111.

This view, we think, is sustained by the principles to be deduced from the decision of this state bearing upon this question, and is in harmony with the provisions of the constitution and laws of this state, which, while they were designed to furnish the plaintiff a cheap and convenient remedy for the collection of small demands, were not intended to afford him the means to vex and harrass the defendant with a multiplicity of suits for the recovery of a single debt.

If the principle contended for by the plaintiff in error can be applied to this case, it is difficult to see why it would not apply to all other cases where there are different items in the account, which arose out of transactions between parties which took place on different days. The merchant, who should sell to his customer, on account, on twenty different days in the year, a bill of goods to the amount of two hundred dollars, could, at any time after the sale of the last bill, institute twenty distinct suits before a justice of the peace, and if his right to do so should be questioned, he could reply with equal force: each is a separate demand. The bill of goods were bought on different days; there was a distinct contract or bargain in respect of each sale and purchase. And this would be equally true in all other instances. If this was declared to be the law of this state, it would soon come to be that all accounts embracing items of different dates would be split up, and separate suits brought in justice's courts upon the fragments, to the great embarassment, inconvenience and costs of the defendant; and many weighty questions of law, involving large sums of money, would thereby be submitted to these inferior tribunals for decision, which by the policy of our law were designed to be determined elsewhere.

The plaintiff in error, at the time of instituting his suits in the

justice's court, did not have three distinct demands, or causes of action, against the defendant. The three bills of items filed by the plaintiff in error constituted but one account between the parties, and the aggregate of these bills constitutes the amount of the demand claimed by him, and is by his own showing over the jurisdiction of a justice of the peace.

It would, perhaps, have been more regular, in point of practice, had the several suits been consolidated, and a single judgment of dismissal rendered; but it is believed that the omission to do this did not vitiate the judgments of dismissal, because it abundantly appears from the transcript of the record that the several judgments of dismissal were rendered in view of the fact that the several sums of money sued for constituted but one demand against the defendant, and that demand was over the justice's jurisdiction.

Upon the whole, this court is of the opinion that the judge of the circuit court did not err in dismissing said suits, for want of jurisdiction in the justice's court.

But since the justice's court had no jurisdiction, the appeal could confer none upon the circuit court. *McKee vs. Murphy*, 1 *Ark.*, 55. The court below manifestly erred in rendering judgments against the plaintiff in error for costs; and for this error the judgments of the circuit court must be reversed, with instructions to that court to set aside said judgments and enter up judgments of dismissal only.

Judgment of the circuit court reversed.