St. L., I. M. & S. Ry. v. Camden Bank.

# St. L., I. M. & S. Ry. v. Camden Bank.

1. NEGOTIABLE INSTRUMENTS: *Certificate of Indebtedness; Action.*

A certificate of a road-master, who is authorized to issue it, that the bearer is enti-tled to a specific sum for labor performed, and its acceptance by the laborer, constitute an account stated, on which an action may be maintained by the

laborer, or his assignee, against the railroad company; as upon an implied promise to pay it, without reference to the items of the original account.

2. SAME: *Same.*

A written acknowledgment of a debt, signed by the maker, is an assignable instrument under the statutes, (*Mansf. Dig., Sec. 473,*) and may be sued on by the holder without making his assignor a party, though there be no written assignment upon it.

3. NON-NEGOTIABLE INSTRUMENTS: *Action on; Parties.*

An open account is not an assignable instrument, within the meaning of the statute, and a party to whom it is transferred cannot sue on it alone, but must make his assignor a party to the suit.

4. AMENDMENTS: *Parties.*

A suit in the name of a corporation, or partnership, without any allegation of incorporation or partnership, may be amended by showing the incorporation, or the members of the partnership.

APPEAL from *Ouachita* Circuit Court.
Hon. B. F. ASKEW, Circuit Judge.

*Dodge & Johnson* for Appellant.

1. The *first* query is, were these time checks negotiable paper, and if not, what were they?

2. If negotiable paper, was it not necessary to have the assignment or indorsement thereon, and if not indorsed, then were not the payees necessary parties to the suit, for the protection of defendant?

3. And in any event, were they not necessary parties for defendant's safety and protection?

It is respectfully submitted, that the identification or time check, are not negotiable papers in the eye of the law merchant, nor under the statutes of Arkansas. *Mansf. Dig., sec. 473; 1 Dan. Neg. Inst., secs. 31 to 63.*

The complaint or account, was for "money paid out to certain laborers." At whose instance and request, the account

does not state. The certificates disclosed to whom the money was paid, and defendant by this *plea* plead a non-joinder of parties. By an inspection of the certificates filed, it was discovered that none of them were indorsed, and for that reason, we presume, the plaintiff elected to sue in an action of *assumpsit* upon an open account, rather than upon the certificates. The action being to recover the amounts claimed to be due the laborers named, which plaintiff claimed it had bought, and not being assignable under our statute, the assignors of these claims were necessary parties to the action. *Mansf. Dig., sec. 4934; Newman on Pleading and Practice, pp. 78, 79, 80; Bullitt's Kentucky Code, p. 4 and notes; Dicey on Parties, pp. 60, 72, 115.*

2. The court erred in allowing the amendment to the complaint.

If the Bank of Camden was a body corporate, then the amendment was erroneous. If the Bank of Camden was a fiction, and had no existence, then there was nothing before the court to amend, and for that reason the amendment was erroneous. See *1 New Eng. Reporter, p. 432; 57 Vt., 358; 34 Arkansas, 157–8.*

Such a proceeding is the substitution of new parties and the commencement of a new action. *3 Abb. Pr., 89; Pom. on Rem., sec. 420; 1 Handy, 573; Newman Pl. and Pr., 287–8; 1 Barb., 200; 9 Ind., 273; 2 Handy, 67.*

3. The original holders of the checks should have been made parties, and not being so made, the checks were inadmissible as evidence.

At the time they were offered, the defendant objected to each of them as incompetent evidence.

1. Because, defendant having plead *non est factum*, there was no competent proof that it ever made or authorized the making of these papers.

2.  Because, being in writing, there was no indorsement thereon showing that plaintiff was a *bona fide* owner of the same for value.

3.  Because, being simply an open account, if anything, and not negotiable, the party named therein was a necessary party to the suit.   *1 Daniel on Neg. Inst., 553; Ib., 554–5.*

*B. W. Johnson* for Appellee.

Under the law of assignments, in this state, every chose in action, of every class whatever, is assignable, whether notes, bonds, etc., or railroad time checks.   See *Gantt's Dig., sec. 563.*

The foundation of this suit, being a "time check," signed by the proper officer of the road, and delivered to the holder, was a contract in writing, and was, at common law, only assignable in equity.   *Story on Promissory Notes, sec. 117; Leading Cases in Equity, vol. 2, pp. 205, 221.*

The code, as well as the statute of this state, provides that all choses in action—things in action—that is, all contracts or rights of action growing out of contracts, either expressed or implied, may be assigned so as to vest the legal title or right of action in the assignees.   *Pleadings and Practice Under the Code; Green, secs. 228, 229, 230, 233, 240, 241, 243, 623; Jacks et al. v. Nelson & Hanks, 34 Ark., 531.*

When the indorsements, both on the face and back, of these checks (stating that they were not negotiable), were placed upon them, they were mere nullities, and could have had no greater effect, and that was what was intended by them, to keep other parties from purchasing them.   If they had been illegally issued, which was not the case, still the company would be bound for their payment.   *Iron Mountain and Helena Railroad v. Stansel, 43 Ark., 275.*

Suit properly brought in the name of the true owner or holder of the checks.   *Mansf. Dig., sec. 4933.*

St. L., I. M. & S. Ry. v. Camden Bank.

COCKRILL, C. J. This action was instituted before a justice of the peace to recover upon eighteen road-master's checks, as they are called in the record, and a number of memoranda of accounts delivered by the company's section foremen to laborers employed upon their road, certifying to the road-master the amount due the several laborers for services. All are filled in on printed forms furnished by the company for the purpose. Those of the same form differ from each other only in the date and amount of the account and the person to be paid. The following is a sample of the first form, viz.:

Form 407.

$ ......... ROAD DEPARTMENT.

Time Check, No. 11.

St. Louis, Iron Mountain & Southern Railway,

August 31, 1882.

The bearer, Ben. Dorsey, is entitled to pay for nineteen and one-half days' service as scraper on Section No. 113, in month of August, 1882, at $4 per day.

| | |
|---|---|
| | $78 00 |
| Less board due, etc. | 27 16 |
| Balance due him | $50 84 |

The above has been duly audited, and will appear upon the proper roll for the above month.

P. McGRURY,

Division Road Master.

Received.......................188.....of the Missouri Pacific Railway Company, the sum of......................dollars, in full for services rendered as..............................in month of..........................., 18....., as above stated.

Witness: ...................................................

...................................................

*Left margin (vertical):* WM. KERRIGAN, Supt. Division, HOUDLETTE.

*Left margin (vertical):* Approved,

*Right margin (vertical):* Not negotiable. See back.

34——47

And the second runs in this wise :

Form 403.

St. Louis, Iron Mountain & Southern Railway Co.

No. 22.        Certificate of Time Worked.

August 31, 1882.

To Pat McGrury, Division Road Master.

I certify that Tom Cross has worked sixteen and one-half days as laborer on Section No. 113, in month of August, at $4 per day.     -        -        -        -        -        $66 00

And owes board, etc.        -        -        -        -        48 73

    Balance due.        -        -        -        -        $17 27

Geo. M. Wright,

Foreman Section No. 113.

TAKE NOTICE.

This certificate will not be paid.   It is given to be exchanged for Road Master's Time Check in favor of the person to whom this certificate is issued.

The company denied that it was indebted upon the accounts; (2), pleaded *non est factum*, and (3), insisted upon bringing in the assignors of the accounts as parties to the action.

A demurrer was sustained to the last paragraph of the answer.

Upon the trial it was proved that the section foreman was authorized by the company to give laborers under his control at stated periods a statement of the amount that he ascertained to be due them for services rendered, in accordance with the printed form furnished him by the company for the purpose. This statement was intended to be presented to the road-master—the section foremen's superior officer—who had authority to finally audit the accounts and put them in shape for payment by the company's paymaster.   This he did by the use of the printed form designated as the road-master's time check.   The

St. L., I. M. & S. Ry. v. Camden Bank.

checks in suit were issued in this way, and were assigned without written indorsement to the appellees.

The auditing of the account by the authorized agent of the company, and the acceptance of the statement by the laborer, constituted, in each case, an account stated, called in the old law *insimul computassent.* A balance being thus admitted by the company, a promise to pay it is implied, and upon this promise an action may be maintained without reference to the original items of the account. *Laycock v. Pickels, 116 Eng. Com. Law (4 B. & S.), 496; Chace v. Trafford, 116 Mass., 529; Holmes v. Drake, 1 Johns, \*34.*

1. NEGOTIA-ALE INSTRU-MENT, CERTIFI-CATE of INDEBT-EDNESS:—Action.

The acknowledgment of this indebtedness being signed by an agent of the company having authority to do so, the statement becomes the evidence of an admission in writing of the debt, and is assignable within the meaning of the statute making "all agreements and contracts in writing for the payment of money" assignable. *Mansf. Dig., sec. 473; Jacks v. Nelson & Hanks, 34 Ark., 531.* As the agreement is the subject of assignment under the statute and the appellees are the real parties in interest, their assignors were not indispensable parties to the litigation. *Mansf. Dig., sec. 4933-4; Heartman v. Franks, 36 Ark., 501.* And the fact that there was no written assignment does not affect the practice. *Heartman v. Franks, supra.*

2. SAME.

But this reasoning cannot apply to the foremen's memoranda of indebtedness. There is no evidence that any section foreman had authority to finally state accounts between the company and its laborers, and it is evident from the forms used by them, and put in evidence in this case, that they were intended only as memoranda or a means of information to the road-master, who alone was authorized to finally state the accounts. The implied promise to pay the balance struck that is raised from a mutual settlement of accounts is expressly repelled by the notice appended to the statement. The only ob-

3. NON-NEGO-TIABLE INSTRU-MENTS:—Action on. Parties.

ject of the foreman's certificate is there expressly stated to be for presentation to the superior officer who has authority to bind the company by his action in the matter.

The foreman's certificate cannot then be said to be an account stated and signed by the party to be charged. The appellees are, however, the assignees of whatever amounts are due upon these open accounts and are entitled to collect them by suit in their own name. But the accounts are not contracts or agreements in writing for the payment of money or property, and are not therefore assignable so as to permit the assignee to bring his action upon them without the appearance of the assignor in some form in the action so that the judgment will bind him and protect the party to be charged. It is difficult to give a reason for dispensing with the presence of the assignor when suit is brought upon a non-negotiable instrument assigned by delivery merely, that does not apply with equal force to a suit upon an open account, but the statute makes a distinction and the courts are not at liberty to disregard its peremptory terms. "Where the assignment of a thing in action is not authorized by statute, the assignor must be a party as plaintiff or defendant." *Mansf. Dig.*, *sec. 4934.* The defect as to parties was aptly made and the court erred in disregarding this provision of the statute. *Hicks v. Doty, 4 Bush. (Ky.), 420.*

4. AMENDMENT: Parties.

In the outset the plaintiff was described in the short statement filed with the justice of the peace as the "Camden Bank" without any allegation as to incorporation or partnership. After objection had been made upon this score by the company in the circuit court, an amendment was allowed, showing that the Camden Bank was the firm name under which C. N. Rix and John R. Rowe were transacting business, and it is argued that this was a substitution of new parties plaintiff within the inhibition of the case of *State v. Rottaken, 34 Ark., 144.* But there was in fact no substitution of parties.

The amendment only made specific what was not apparent before, and it is certain from the record that the company was not prejudiced thereby. It is only for an error prejudicial to an appellant that a judgment is reversed.

So much of the judgment as is based upon the road-master's time checks, with interest from their respective dates, is affirmed; as to the residue, it is reversed and the cause remanded for further proceedings.