PARIS MERCANTILE COMPANY *v.* HUNTER.

Opinion delivered April 1, 1905.

1. PARTNERSHIP—EXISTENCE OF RELATION—EVIDENCE.—A coal mining corporation leased its mine for a royalty on each ton of coal mined. A trading corporation, having the same management and substantially the same shareholders as the mining company, sold goods to the miners, and received its pay through the proceeds of the coal mined. The officers of the two corporations received no benefit from the operation of the mines except as shareholders in the corporations. *Held,* that the relations between the two corporations did not constitute a partnership. (Page 617.)

2. CIRCUIT COURT—JURISDICTIONAL AMOUNT.—Several accounts, each constituting a separate cause of action, and no one of which exceeds $100, cannot be combined to bring the amount in suit within the jurisdictional limits of the circuit court. (Page 618.)

3 APPEAL—QUESTION NOT RAISED BELOW.—The objection for want of necessary parties cannot be raised on appeal if not raised in the trial court. (Page 618.)

Appeal from Logan Circuit Court, Northern District.

JEPTHA H. EVANS, Judge.

Reversed.

STATEMENT BY THE COURT.

Appellee sued the two appellant corporations, Paris Mercantile Company, and Paris Mining & Coal Company, and R. J. Troy, O. C. Wood and Henry Stroup, basing his cause of action upon various accounts, assigned to him by coal miners, aggregating the sum of $1,159.80.  It is alleged in the complaint that the defendants. entered into a partnership contract for the development and operation of a coal mine, and that in the course of the operation of the said mine plaintiff and his said assignors were employed by Troy acting for the said co-partners, and the debts sued on thereby incurred. Before trial the plaintiff dismissed as to Stroup. Troy failed to answer. The other defendants demurred generally to the complaint, and, after their demurrer was overruled, answered, denying that they had entered into a partnership contract with Troy, or that Troy was acting for them in the operation of the mine and employment of miners. A trial by jury was had, and a special verdict was returned in favor of the plaintiff, whereupon the court rendered judgment against. Troy and the two corporations, but dismissed the cause as to the defendant Wood.

The defendants, at the close of plaintiff's testimony and again at the close of their own testimony, asked the court to direct the jury to return a verdict in favor of the defendants, which request was refused, and they excepted. The Paris Coal & Mining Company is a corporation organized for the purpose of doing a coal mining business, and defendant Wood was its president, and defendant Stroup its secretary. It was the owner of a coal mine in Logan County, and by written contract dated June 30, 1900, leased the same to defendant Troy for a term of two years. By the terms of this lease Troy was to operate the mine and pay the mining company a royalty of 25 cents per ton for coal mined therefrom. The Paris Mercantile Company is a mercantile corporation with substantially the same stockholders and under the same management as the mining company. In May, 1901, defendants Wood and Stroup agreed verbally with plaintiff to reduce the royalty on coal to 10 cents per ton, and to advance the money for developing the mine and paying the operating expenses. This was done accordingly. The

mining company reduced the royalty to 10 cents per ton, and the mercantile company furnished the money to cover the pay-rolls, and also sold goods on credit to the miners, and the amounts due the company from the miners were deducted from their wages on payday. Troy settled with the miners at the store of the mercantile company, where the books of the mine were kept by the bookkeeper of that company. The mercantile company received the proceeds of all the sale of coal from the mines, and credited same to Troy's account, charging him with the royalty and crediting same to the account of the Paris Coal & Mining Company.

*Anthony Hall,* for appellants.

Open book accounts without written assignment do not authorize the holder to maintain an action thereon. 47 Ark. 541. The absence of sharing in profits is a conclusive test that a partnership does not exist. 22 Am. & Eng. Enc. Law, 22; 44 Ark. 423.. A peremptory instruction should have been given for appellant. 57 Ark. 461.

*Sam R. Chew* and *H. L. Fitzhugh,* for appellee.

The verdict is sustained by the evidence. 44 Ark. 423; 63 Ark. 518.

McCULLOCH, J., (after stating the facts.) We search the record in vain for evidence legally sufficient to sustain the verdict of the jury. Viewing it in the strongest light favorable to appellee, it fails to establish any partnership contract between the appellants and Troy, or any agreement, either expressed or implied, whereby those corporations should share the expenses or profits of operating the mines. It is not contended that the mining company was a party to any agreement with Troy except its lease contract whereby it was to receive a royalty on the coal mined. The only interest the mercantile company had in the operation of the mine was to sell goods to the miners and receive its pay through the proceeds of coal sold. The testimony of Troy, introduced and relied on by appellee to establish a partnership agreement with Wood and Stroup, shows that they were not to participate in the profits or to receive any benefit from the

operation of the mine except as stockholders in the corporations by the receipt of the royalty and improvement of the mining property. The relations of appellants with Troy in these transactions do not meet any of the tests of partnership laid down by this court in *Cully* v. *Edwards*, 44 Ark. 423; *Johnson* v. *Rothschilds*, 63 Ark. 518; *Rector* v. *Robins, ante,* p. 437.

We have thus expressed the opinion of the court upon the legal sufficiency of the evidence, in view of the possibility of another trial of the cause in another court having jurisdiction of the subject-matter; but this case must be finally disposed of here on the question of jurisdiction. None of the assigned accounts sued on exceed in amount, separately, the sum of $100, and are, therefore, not within the jurisdiction of the circuit court. Each constituted a separate cause of action, and could not be grouped together so as to bring the amount within the jurisdiction limits of the circuit court. *Mannington* v. *Young,* 35 Ark. 287; *Martin* v. *Foreman,* 18 Ark. 249; *Collins* v. *Woodruff,* 9 Ark. 463; *Fenter* v. *Andrews,* 5 Ark. 34; *Berry* v. *Linton,* 1 Ark. 252.

In *Gregory* v. *Williams,* 24 Ark. 177, this court held that the aggregate amount of "an open account, though composed of several items of different dates, and arising out of different transactions between the parties", constituted a single cause of action, and could not be separated; but the account sued on in this case is not a running account between the same parties. Before assignment to the plaintiff the amount due each person was a separate liability, and it did not cease to be such after the assignment. Appellants urge that the suit is upon open accounts, and that under the rule announced in *St. Louis, I. M. & S. Ry. Co.* v. *Camden Bank,* 47 Ark. 541, appellee, as assignee, cannot maintain the suit in his own name, without joining his assignors, the original creditors. This defect is not raised in the pleadings below, and cannot be raised here for the first time; but whether the statements of account furnished by the operator of the mine to plaintiff's assignors be treated as acknowledgments of indebtedness and implied promises to pay, so as to be assignable instruments under the statute, or whether they be treated merely as estimates or memoranda of indebtedness, as held in *St. Louis, I. M. & S. Ry. Co.* v. *Camden Bank, supra,* not con-

stituting promises to pay and not assignable under 'the statute, is immaterial, as in either case they are separate causes of action, and, after assignment to plaintiff, cannot be joined together so as to make up the essential amount to give jurisdiction to the circuit court.

The court being without jurisdiction, the judgment is reversed, and the cause dismissed.