BROOKS *v.* HORNBERGER.

Opinion delivered April 30, 1906.

COURTS—JURISDICTIONAL AMOUNT.—Where ten notes for $50 each were executed, secured by chattel mortgage, which provided that, upon default in payment of any one, all should, at the holder's option, become due, and default was made on one of the notes, jurisdiction of an action to recover on all the notes is in a justice's court, and not in the circuit court, as the amount of each separate demand, and not the aggregate of several demands, determines the jurisdictional amount.

Appeal from Pope Circuit Court; *William L. Moose,* Judge; reversed.

*U. L. Meade,* for appellants.

1. There were ten of the notes, each for an amount within the jurisdiction of the justice of the peace. They were separate causes of action. The amount of each separate claim or contract which one person holds against another, and not the aggregate amount, determines the jurisdiction. 1 Ark. 252; *Ib.* 275; 3 Ark. 494; 5 Ark. 34; 9 Ark. 463; 35 Ark. 287; 17 Ark. 385; 18 Ark. 249; 24 Ark. 177; 34 Ark. 188; 57 Ark. 531.

*J. T. Bullock* and *Robt. J. White,* for appellees.

1. The notes and mortgage, taken together, constitute the contract, and are each a part, and explanatory, of the contract. 49 Ark. 320; 28 Ark. 391; 26 Ark. 249; 18 Ark. 65. The mortgage recites an indebtedness of $500 payable in ten equal installments of $50. Of the notes it recites that it is agreed therein that in case of default in payment of any one or of any part of any of said notes, all of them, at the option of the holder, to become due and payable at once, and this mortgage be enforced." This clause appears in each of the notes. The notes and mortgage are, therefore, an entire and indivisible contract. 4 Ark. 251; 9 Ark. 501; 19 Ark. 326; 43 Ark. 275. The debt being an entirety, only covenant would lie for installments falling due until the whole debt becomes due. When the installments due exceed $300, only the circuit court has jurisdiction. 19 Ark. 326; 43 Ark. 275. Exercising the option to declare all installments due took the case out of the jurisdiction of the justice of the peace. The judgment and execution were void, and the stay bond a

nullity. 29 Ark. 472. And the circuit court had power to quash the proceedings. *Ib.;* Kirby's Digest, § § 3224 to 3226.

HILL, C. J. Hornberger was indebted to Brooks, and evidenced the same by ten promissory notes, each for the sum of $50. The first one fell due December 1, 1903, and one fell due each month thereafter. Each note recited that it was one of a series of ten notes, and that, upon default in payment of any one on the option of the holder, all became due and payable; and the notes further recited that in case of default the mortgage securing the notes should become enforceable. A chattel mortgage secured the notes.

In January, 1904, default having been made on two of the notes, suit was filed before a justice of the peace, in Pope County, on all of the notes. The justice's record shows that the ten notes were filed as the original causes of action, and that the debtor was duly summoned, appeared and the cause was tried, resulting in a judgment for the aggregate of the notes and interest, amounting to $513.88.

After a *nulla bona* return a transcript of the judgment was filed with the circuit clerk, and docketed as a circuit court judgment pursuant to statute.

An execution was issued by the circuit clerk, and while in the hands of the sheriff a stay bond was given with G. G. Dandridge as surety, which was approved. After expiration of stay, execution was sued out against the principal and surety on the stay bond, and thereupon the said principal and surety instituted proceedings to quash the execution on the ground that the judgment of the justice of the peace was void. The circuit court quashed the execution, and Brooks appealed.

In *Berry* v. *Linton,* 1 Ark. 252, it was settled that the amount of each separate demand or cause of action, and not the aggregate of various causes which may be joined in an action, determines the jurisdictional amount. The last reiteration of this rule was in *Paris Mercantile Co.* v. *Hunter,* 74 Ark. 615, April 1, 1905, and between those cases is an unbroken line of decisions applying this principle in many ways. It is idle to repeat them. The leading ones are cited in appellant's brief. The fact that the notes were of a series secured by chattel mortgage, and that all were due on default of one at the election of the holder, does not change

the rule in the least.   The basis of the rule is that each note is a separate cause of action, and the mere fact that several notes may be joined into one suit, instead of a separate suit for each, does not change the nature of the cause of action, or in any way affect anything except the mere procedure.

The judgment is reversed, and cause remanded.