## SMITH *v.* DAVIS.

Opinion delivered July 1, 1907.

1. JUSTICE OF THE PEACE—JURISDICTION EX CONTRACTU.—Where several notes, each belonging to a series, and each for less than $300, though aggregating more than that sum, were joined in one suit, jurisdiction of the action was in the justice's court, as the amount of the separate causes of action, and not the aggregate of them, determines the jurisdictional amount. (Page 373.)

2. SAME—JURISDICTION IN ATTACHMENT CASE.—In a suit in a justice's court upon four notes aggregating $900, each being for less than $300, the court had jurisdiction to enforce a vendor's specific attachment upon personal property and to distribute the proceeds thereof, though the value of the property was $1,500. (Page 374.)

Appeal from Columbia Circuit Court; *Charles W. Smith;* Judge; affirmed.

*Stevens & Stevens,* for appellant.

1. The circuit court had no jurisdiction if the justice had none. 77 Ark. 234; 44 *Id.* 377. The justice had no jurisdiction because the amount in controversy was over $300. Kirby's Digest, § § 4562, 4565, 4650. There was only one suit. The amount claimed determines the jurisdiction. 66 Ark. 346; 18 Minn. 216; 24 Cyc. 461; 48 W. Va. 389; 20 *Id.* 464; 101 N. C. 184; 94 *Id.* 43; *Ib. 72.*

2. The justice had no jurisdiction to order a sale of personal property, amounting to $1,500, nor to order the proceeds distributed, nor to administer equitable relief. 50 Oh. St. 592; 44 Ark. 377.

HILL, C. J. Davis & Warnock sued D. R. Smith upon four notes in a justice-of-the-peace court. They were for $200 each, and represented the consideration for the purchase of a sawmill outfit sold to Smith by the Elmore Lumber Company. In the contract the title to the property sold was reserved in the Elmore Lumber Company until all the notes should be paid, and, on the failure of Smith to make any payment when due, the lumber company was to have the right to take immediate possession of the property.

The Elmore Lumber Company assigned these notes to Davis & Warnock. In bringing suit they filed what they called a petition, and alleged that they were the owners of the notes sued on, which they filed, and that they were past due and unpaid except $100; and they secured an attachment, which was levied on the said machinery.

After the case reached the circuit court, Smith filed an answer, to which a demurrer was sustained. Judgment went in favor of the plaintiffs for the amount due upon the four notes, and the property was ordered sold to satisfy the vendor's lien declared upon it in favor of the plaintiffs, and Smith has brought the case here. He has since died, and the cause has been revived in the name of an administrator *ad litem.*

Two objections are raised here to the jurisdiction of the justice court, and consequently to that of the circuit court on appeal:

1. That the amount sued for is above the jurisdictional limit of the justice court. Each note was for $200 (less pay-

ment of $100 on one of them), and each constituted a separate cause of action. The point is controlled by the decision in *Brooks* v. *Hornberger,* 78 Ark. 595, wherein the court said: "The fact that the notes were of a series secured by chattel mortgage, and that all were due on default of one at the election of the holder, does not change the rule in the least. The basis of the rule is that each note is a separate cause of action, and the mere fact that several notes may be joined into one suit, instead of a separate suit for each, does not change the nature of the cause of action, or in any way affect any thing except the mere procedure."

2. The court ordered the sale of the property to pay the four notes, the property having been attached and a vendor's lien enforced against it. Objection is made that the court had no jurisdiction to order a sale of personal property, and distribute the proceeds, where the value was $1,500. It was held in *Davis* v. *Choctaw O. & G. Rd. Co.,* 73 Ark. 120, that the jurisdiction of the justice of the peace does not depend upon the amount due from the garnishee to the principal debtor; but upon the amount claimed to be due from the debtor to the plaintiff. That principle controls here.

Judgment affirmed.