AMERICAN SODA FOUNTAIN COMPANY *v.* BATTLE.

Opinion delivered January 27, 1908.

| 85 | 213 |
| f86 | 278 |

| 85 | 213 |
| 89 | 441 |
| f90 | 198 |
| 90 | 199 |

1. JURISDICTION—EX CONTRACTU.—Where several notes, each belonging to a series and each for less than $100, though aggregating more than $300, were joined in one suit, jurisdiction of the action was in the court of a justice of the peace, and not in the circuit court. (Page 215.)

2. APPEAL—COSTS ON REVERSAL.—Where a trial court in an action at law rendered final judgment against the appellant upon the merits and awarded costs against it, appellant is entitled to the costs of the appeal upon a reversal, although this court dismissed the action upon the ground that the lower court had no jurisdiction. (Page 215.)

Appeal from Hempstead Circuit Court; *Jacob M. Carter,* Judge; reversed.

STATEMENT BY THE COURT.

Appellant sued appellees, Battle and Waddle, upon six notes for $26 each and for $65, a balance of an amount agreed to be paid in cash, all being a part of the consideration for a certain soda water apparatus and appurtenances sold by appellant to appellee. The contract of sale provided that the purchaser should sign notes, maturing as set forth in the contract to protect its title to said apparatus against all third parties under the laws of this State.

Pursuant to this contract of sale, appellees executed 36 promissory notes, one for $25 and the remaining 35 notes for $26 each, in which it was provided that the title to the property should remain in the vendor until paid for.

The defendants answered, admitting the execution of the notes, but allege the facts to be that on the 8th day of March, 1905, the said soda fountain and all appurtenances thereto were covered by a blanket policy of insurance made payable to the American Soda Fountain Company, and at that time said insurance existed payable to the said plaintiff as its interest in said apparatus and fixtures might appear, and on the 8th day of March, 1904, the said apparatus and fixtures were totally destroyed by fire, and that the plaintiff herein has recovered under its said policy of insurance full value of said apparatus and fixtures, as far as its interest appeared therein. Defendants further state that they were unable to adjust any loss sustained

by the destruction of said soda fountain and apparatus because the title to the same was in the American Soda Fountain Company, and that it had an insurable interest in the same, and that it had the same insured, and that it collected from said insurance all its loss sustained by such' damage by fire, and that defendants are not liable to said plaintiff in the sum of $221, or in any other sum, for the reason that the plaintiff herein has already collected all that is due on these notes as stated before.

Appellant filed a supplemental complaint in which it said:

That, by the terms of the contract mentioned in the original complaint herein, the defendants agreed to pay appellant the sum of $1,100, to be paid in installments. That, at the time of the filing of the original complaint herein, only a part of the said installments were due and payable. That 19 installment notes have become due and payable since the filing of the original complaint herein. The amounts and date when due are set out, and each note is for $26. Copies of the notes are made exhibits to the complaint.

In the view the court has taken of the law, it is not necessary to abstract the testimony and the instructions.

There was a verdict and judgment in favor of appellees, the defendants below. Plaintiff has appealed.

*McMillan & McMillan,* for appellant.

The question of jurisdiction was not raised below. The complaint alleges and the answer admits a debt by contract of $1,100, less payments, leaving $714, with interest, due. The suit was not upon the notes, but upon the contract. The notes were only conditional payment, and, not being paid, appellant had the right to sue on the original contract. 10 Ark. 326; 48 Ark. 267; 50 Ark. 261; 32 Ark. 739; 75 Ark. 556.

*Jobe & Eakin,* for appellees.

HART, J., (after stating the facts.) The question of jurisdiction first presents itself for our consideration.

Appellant contends that this is settled in its favor by the decision in the case of *State* v. *Scoggin,* 10 Ark. 327. That case was an action for breaches of covenants of a bond. The State elected to wait until the breaches assigned were sufficient in amount to confer jurisdiction upon the circuit court, and that

case is not like the present case. Nor does this case come within the rule announced in the case of *Friend* v. *Smith Gin Co.,* 59 Ark. 86. That was a suit for breach of a contract guarantying the punctual payment of certain promissory notes, and the amount of the notes was the measure of damages.

The court is of the opinion that the present case is an attempt to evade the jurisdiction of the justice by a mere form of action. The contract in this case provided that a series of notes, of the amount of $26 each, should be given for the purchase price of the soda water apparatus. By the express terms of the notes the title to the property was retained in the vendor until paid for. The property was destroyed by fire before this action was commenced, and suit was brought upon the notes themselves. They are the foundation of the action, and are made exhibits to the complaint in compliance with section 6128 of Kirby's Digest.

The original complaint and the supplemental complaint allege that the notes are due and unpaid. Each note, though one of a series, constitutes a separate cause of action. The point is expressly decided in the case of *Brooks* v. *Hornberger,* 78 Ark. 595. See also *Smith* v. *Davis,* 83 Ark. 372.

The amount of each note being $26, and each note being a separate cause of action, the amount sued for is below the original jurisdiction of the circuit court in matters of contract, and the cause is therefore reversed and dismissed without prejudice to bringing another action.

BATTLE, J., not participating.

### ON MOTION TO RETAX COSTS.

Opinion delivered March 9, 1908.

PER CURIAM. Judgment was rendered here in favor of appellant for the costs of appeal, and appellees seek to have that part of the judgment changed. They argue that, as appellant improperly commenced its action in the circuit court, which had no jurisdiction of the subject-matter, and has, by the judgment of this court, been turned out of court without any relief, it should be adjudged to pay costs of appeal. This does not follow.

It is true that the circuit court had no jurisdiction, and that appellant invoked the exercise of jurisdiction which that court did not rightfully possess. The court should not have undertaken to hear and determine the case upon its merits. But it did so, and rendered final judgment against appellant upon the merits of the controversy, and also adjudged the costs against appellant. That was an erroneous judgment, and, notwithstanding the fact that it was a void one, appellant had the right to appeal from it. It did so, and this court reversed the judgment, but, instead of remanding the cause for further proceedings, dismissed the action for the reason that the circuit court had no jurisdiction.

The statute provides that "if the judgment be reversed, the plaintiff in error, or appellant, shall recover his costs." Kirby's Digest, § 970. On appeals from judgments at law it is obligatory on this court to follow the statute. It has no discretion in the matter of adjudging cost when it reverses a judgment.

Appellant did not obtain the relief which it sought by its appeal, viz., to have the case remanded for a new trial; but the judgment of the lower court was found to be erroneous, and was reversed.

This court has jurisdiction to render judgment for costs, even though the lower court had no jurisdiction of the subject-matter of the action. *Cary* v. *Ducker,* 52 Ark. 103; *Hightower* v. *Handlin,* 27 Ark. 20.

In *Hightower* v. *Handlin, supra,* the court said that "it is proper to render judgment for the costs made in this court against the party bringing suit." In that case the appellees were the plaintiffs in the court below, and this court, upon reversing the cause, rendered judgment against them for the costs of appeal in accordance with the mandate of the statute which we have just quoted, and not merely because they had originally brought the suit in a court which had no jurisdiction.

Motion denied.