TAYLOR v. MALONEY.

Opinion delivered June 23, 1913.

JUSTICE OF THE PEACE—OPEN ACCOUNTS—JURISDICTION.—A justice of the peace is without jurisdiction when it appears that several actions are brought on items constituting an open account, and where the sum of the items sued on exceeds $300.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Cockrill & Armistead,* for appellant.

*J. H. Harrod,* for appellee.

SMITH, J.   Appellee was the plaintiff below in each of the three suits, which were consolidated in the circuit court on appeal from the judgment of the justice of the peace, in which they were instituted.   These suits were all begun on the 15th of August, 1911, and their subject-matter was as follows:   The first suit was for professional services rendered appellant for the years 1906, 1907 and 1908, at $100 per year.   The second suit was also for the sum of $300, being for professional services rendered appellant for the years 1908, 1909 and 1910, at $100 per year from May 1, 1908.   The third suit was for services in drawing appellant's last will and testament, $150, services in removing cloud on title on certain lots in the city of Little Rock, $100, and regular services, $50, making the total amount of each suit $300.   Each of these accounts was sworn to by appellee, and on appeal to the circuit court, they were consolidated and tried before the court sitting as a jury, and a judgment was rendered against appellant in the sum of $700.

Appellee testified that he was a parcticing attorney, in the city of Little Rock, and had been for a number of years, and had been employed by appellant to represent her in legal matters for the annual fee of $100 for each year, and he testified that in addition he performed the services in the preparation of the will and in removing cloud from the title to the lots.   He admitted having been paid $10  for his services in 1908, and appellant claims that this was all she ever owed appellee, and this sum was the charge made by appellee for preparing appellant's will, and that she was never otherwise indebted to him.

The question of jurisdiction presents itself, and the decision of that question depends upon the determination as to whether or not these items constitute separate demands.   We have a number of decisions on the question of jurisdiction of suits, originating in the courts of jus-

tices of the peace, and the law of such cases has been thoroughly settled by these decisions, and the only difficulty is in the application of the law as therein announced, to the facts of the cases which arise.

It has been held that, "Where several notes, each belonging to a series, and each for less than $100, though aggregating more than $300 were joined in one suit, jurisdiction of the action was in the court of a justice of the peace, and not in the circuit court." This is true because each note constituted a separate cause of action. *American Soda Fountain Co.* v. *Battle,* 85 Ark. 213; *Brooks* v. *Hornberger,* 78 Ark. 595; *Smith* v. *Davis,* 83 Ark. 372.

It is also settled that several accounts, each constituting a separate cause of action, and no one of which exceeds $100, can not be combined to bring the amount in suit within the jurisdictional limits of the circuit court. *Paris Mercantile Co.* v. *Hunter,* 74 Ark. 615; *Berry* v. *Hinton,* 1 Ark. 252.

A case which is well considered and frequently cited, and which was cited with approval in the case of *Paris Mercantile Co.* v. *Hunter, supra,* is the case of *Gregory* v. *Williams,* 24 Ark. 177. That was a case, the facts of which were very similar to this. In that case the plaintiff brought three separate suits before a justice of the peace for the hire of a negro girl slave for the years 1862, 1863 and 1864, respectively. The hire for each year being within the jurisdiction of the justice of the peace, but in the aggregate exceeded that jurisdiction. It was contended there that the amount due for the services for each year constituted a separate demand, distinct in itself, and for the recovery of which the plaintiff had a right to institute a separate and distinct action. That the respective sums arose upon distinct contracts and fell due at different times and did not therefore constitute one debt or demand, but that each was a separate demand, for which separate suit would lie. Chief Justice YONLEY, speaking for the court, said: "While it is true that every written acknowledgment of indebtedness, which may be made the foundation of an action at law is a separate

demand, it is not true, as a proposition of law, that the several items of an open account, although of different dates, and arising out of different dealings and transactions between the parties are each separate demands, and can be sued upon as such. All the items of indebtedness, in the nature of accounts, subsisting between the parties, at the time of the commencement of a suit for the recovery, constitute the debt, demand, or sum in controversy, and is an entire demand; and if the aggregate of all the items amounts to a sum beyond the jurisdiction of the justice, the difficulty can not be obviated and jurisdiction conferred upon that court by bringing suits upon the several items of the acccount.''

That the items composing appellee's demand constituted an open account is shown both by his evidence, and by the suits he brought, as he sues in each case for the sum of $300, composed of the items stated, and not for the amount of each of these items, as separate counts. The reasoning of the court in the case of *Gregory* v. *Williams, supra,* applies with equal force here, and the judgment rendered there must also be rendered here.

The judgment of the circuit court is therefore reversed and the cause dismissed.