MODERN LAUNDRY *v.* DILLEY.

Opinion delivered February 16, 1914.

1. JUSTICES OF THE PEACE—JURISDICTION—AMOUNT IN CONTROVERSY.—The jurisdiction of justices courts is fixed by the amount of each separate cause of action, and not the aggregate amount of all, where more than one cause of action is joined. (Page 351.)

2. JUSTICES OF THE PEACE—JURISDICTION—AMOUNT.—Where in a series of notes a clause in each note provides that nonpayment of any note at maturity operates to mature them all, does not alter the rule affecting jurisdiction of justices courts. (Page 352.)

3. JURISDICTION—HOW TESTED.—The jurisdiction of a court is tested in advance from the pleadings, and where the pleadings affirmatively show that the alleged cause of action is beyond the jurisdiction of the court, another cause of action within the jurisdiction of the court can not be supplied by amendment. (Page 352.)

4. PLEADING—JURISDICTION—JUSTICES OF PEACE—AMENDMENT TO COMPLAINT.—Where an amount below the jurisdiction of the court is stated in the complaint, plaintiff can not, subsequently, by amendment, confer jurisdiction by a new statement of facts concerning the amount in controversy. (Page 353.)

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Bradshaw, Rhoton & Helm,* for appellant.

The circuit court has no original jurisdiction to hear and determine a cause of action arising out of a series

of notes of $100 each. Art. 7, § § 11 and 40, Const. Ark.; 74 Ark. 615, and cases cited; 78 Ark. 595; 83 Ark. 372; 89 Ark. 441.

*W. H. Pemberton,* for appellee.

Although the complaint does not allege an indebtedness on any one note exceeding $100, proof was admitted without objection that the fourth note went to protest at an expense of $3.15, and the complaint will be treated as amended to conform to the proof. As so amended a cause of action is stated within the original jurisdiction of the court. Kirby's Dig., § § 6145-6148; 76 Ark. 429; 54 Ark. 304, 305; 78 Ark. 350, and authorities cited; 97 Ark. 576; 98 Ark. 312; 88 Ark. 372.

McCULLOCH, C. J. Appellee instituted this action against appellant in the circuit court of Pulaski County to recover judgment on ten promissory notes, executed by the latter to the former, each for the sum of $100, with interest, and recovered judgment, from which an appeal has been prosecuted.

The only question presented here is that the circuit court did not have jurisdiction of the subject-matter, as each one of the notes constituted a separate cause of action and is for an amount not within the jurisdiction of the court.

The Constitution (art. 7, § 40) confers upon justices of the peace jurisdiction, "exclusive of the circuit court, in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars, excluding interest."

This court has announced in many decisions that the jurisdiction of the court is fixed by the amount of each separate cause of action, and not the aggregate amount of all where more than one cause of action is joined. *Berry* v. *Linton,* 1 Ark. 252; *Mannington* v. *Young,* 35 Ark. 287; *Paris Mercantile Co.* v. *Hunter,* 74 Ark. 615; *Brooks* v. *Hornberger,* 78 Ark. 595; *Smith* v. *Davis,* 83 Ark. 372.

The fact that there is a clause in each note showing that they are of a series and providing that nonpayment

of any one note at maturity operates to mature them all, does not alter this rule so as to make the aggregate amount of all the notes the test of the jurisdiction. *Brooks* v. *Hornberger, supra.*

Learned counsel for appellee endeavor to escape the force of this rule by saying that there were protest fees on one of the notes, amounting to $3.15, which brought the amount up to the jurisdiction of the circuit court.

If that were true it would only apply to the one note. But we are of the opinion that the jurisdiction can not be sustained even as to that note. It is unnecessary to determine at this time whether the protest fees, when rightly chargeable, can be added to the amount of the note for the purpose of fixing the jurisdiction, as we conclude upon other grounds that the jurisdictional facts have not been alleged. The complaint is silent as to protest fees, and, for that reason, shows affirmatively that the amount stated is not within the jurisdiction of the court.

Counsel call attention to the fact that proof concerning the protest fees was introduced without objection, and that under our liberal statute permitting amendments the jurisdictional defect was thereby supplied.

In the first place, it may be said that the proof does not establish any protest fees which were properly chargeable against the maker of the note, inasmuch as it is not shown that the notes ever passed out of the hands of the appellee as the original holder. Under that state of the case, appellee did not show that he was entitled to recover the protest fees. This point is ruled by an opinion by Judge Brewer, speaking for the Supreme Court of Kansas in *Woolley* v. *Van Volkenburgh,* 16 Kan. 20.

In the next place, even if the proof had been sufficient to show a proper charge of the protest fees against the maker, the jurisdictional facts could not be supplied in that way, for the jurisdiction of the court to proceed to a hearing is tested in advance from the pleadings, and where they affirmatively show that the alleged cause of action is beyond the jurisdiction of the court, another

cause of action within the jurisdiction of the court can not be supplied by amendment.

In *Rose* v. *Christinet,* 77 Ark. 582, we said: "Where an amount in excess of the jurisdiction of the court is stated in the original complaint, and judgment therefor prayed, jurisdiction can not be afterward conferred by amendment reducing the amount."

So, in the present case, where an amount is stated below the jurisdiction of the circuit court, plaintiff can not, subsequently, by amendment, confer jurisdiction by a new statement of facts concerning the amount in controversy.

In any view of the case, therefore, the circuit court was without jurisdiction and the judgment is void. Judgment reversed and complaint dismissed for want of jurisdiction.