St. Louis Southwestern Railway Company *v.* O'Neal

Opinion delivered March 17, 1924.

Justices of the peace—jurisdictional amount.—Under Const., art. 7, § 49, limiting the jurisdiction of justices of the peace in matters of damage to personal property to cases where the amount in controversy does not exceed $100, the justice of the peace had no jurisdiction of a claim for $135, and the circuit court acquired none on appeal.

Appeal from Lafayette Circuit Court; *James H. McCollum,* Judge; reversed.

*J. R. Turner, Gaughan & Sifford* and *D. L. King,* for appellant.

The justice of the peace had no jurisdiction, and the circuit court acquired none on appeal. Article 7, § 40, Constitution of 1874; 7 Ark. 258; 10 Ark. 326; 4 Dillon 239; 1 Wallace, v. 337; 10 Watts 299; 13 Ark. 40; 6 Ark. 371; 6 Ark. 41; 6 Ark. 182; 9 Ark. 463; 45 Ark. 346; 44 Ark. 100.

McCulloch, C. J. Appellee instituted this action against appellant before a justice of the peace of Lafayette County for damages to personal property in the sum of $135, for which amount recovery was prayed. There was a judgment against appellant, rendered by the justice of the peace, from which an appeal was prosecuted to the circuit court, and, on trial anew in the circuit court, appellee again recovered judgment for damages.

The jurisdiction of a court is determined by the amount sought to be recovered, and not merely by the amount recovered, and the Constitution of this State (art. 7, § 40) restricts the jurisdiction of justices of the peace ''in all matters of damages to personal property'' to cases where the amount in controversy does not exceed the sum of one hundred dollars. It is evident therefore that the justice of the peace had no jurisdiction of the cause of action involved in this case, and the circuit court acquired none on appeal. *Little Rock, M. R. & T. Ry. v. Manees,* 44 Ark. 100.

The judgment is therefore reversed, and, the trial court being without jurisdiction, judgment will be entered here dismissing the cause. It is so ordered.