HIVELY *v.* JONES.

Opinion delivered February 11, 1929.

*Oscar E. Ellis,* for appellant.

HART, C. J. The complaint in this case was filed before the mayor of an incorporated town, and reads as follows:

"Wm. Jones, in acct. with Dan A. Hively.
1926.

| | |
|---|---:|
| Oct.—To failure to take deliver bond for 3 acres of cut corn, pea and soy bean hay of value of...$ | 35.00 |
| 1927. | |
| May 10—Three bu. cottonseed at $0.75, $2.75; 3-4 sacks chops at $2, $1.50; 3 wrenches at $2... | 5.75 |
| Damages to corn crop, 9½ acres, by stock of said Wm. Jones running on said crop in months of May, June and July, 1927; failure to cultivate said crop, and bad stand of same | 35.60 |
| Damage to Dan A. Hively by failure to plant peas with said crop by said Wm. Jones as per rental contract, to-wit: Seed peas, 10 bu. at $1.50, $15; 3 tons hay at $12.50, $37.50 | 52.50 |
| Wastages of leaves, vines and roots of hay crops as fertilizer, 9½ acres, $2 per acre | 19.00 |
| Damage to house | 5.00 |

Use of pasture for 3 months for 3 head of animals, $1.50 per head......................................................... 14.00

$165.85

The complaint consists of several paragraphs, and on motion of the defendant it was dismissed for want of jurisdiction. Plaintiff filed an affidavit and bond for appeal to the circuit court. In that court a demurrer of the defendant to the jurisdiction of the court was sustained, and the plaintiff's cause. of action was dismissed. Plaintiff has duly appealed to this court.

Counsel for the plaintiff relies for a reversal of the judgment upon the principles of law decided in *Little Rock & Fort Smith Ry. Co.* v. *Smith,* 66 Ark. 278, 50 S. W. 502, where it was held (quoting from syllabus) :

"In an action before a justice of the peace, plaintiff may combine several causes of action for killing stock, where the damage claimed in each of the several causes of action does not exceed one hundred dollars, though their aggregate amount exceeds that sum."

We do not think that case applies. There were three paragraphs to the complaint, one for killing a horse, one for killing a cow, and one for killing two hogs. The complaint shows that the stock was killed on different days, and each paragraph constituted a distinct and separate cause of action. In *Berry* v. *Linton,* 1 Ark. 252, it was held that the. amount of each separate demand or cause of action, and not the aggregate of various causes which may be joined in one action, determines the jurisdictional amount. This rule has been followed ever since. *Brooks* v. *Hornberger,* 78 Ark. 595, 94 S. W. 708; *American Soda Fountain Co.* v. *Battle,* 85 Ark. 213, 107 S. W. 672, 108 S. W. 508; and *Winer* v. *Bank of Blytheville,* 89 Ark. 435, 117 S. W. 232, 131 Am. St. Rep. 102.

In the case at bar it is fairly inferable from the complaint that the matters alleged and stated in the different paragraphs all relate to the same transaction and constitute but one cause of action. The various paragraphs are all different elements of damages of the same cause of

action, and their aggregate amount is the measure of damages, and therefore determines the jurisdictional amount. Inasmuch as the aggregate of the items is more than $100, and the cause of action is one in tort, the mayor's court had no jurisdiction, and the circuit court acquired none on appeal. *St. L. S. W. Ry. Co.* v. *O'Neal,* 163 Ark. 193, 259 S. W. 393; and Crawford & Moses' Digest, § 7676, as amended (General Acts of 1921, p. 407). Therefore the judgment will be affirmed.