MAGNET COVE BARIUM CORPORATION *v.* WATT.

4-8835                                            219 S. W. 2d 761

Opinion delivered April 25, 1949.

*Joe W. McCoy,* for appellant.

MINOR W. MILLWEE, Justice. Appellee brought an action and recovered judgment against appellant in the Malvern Municipal Court for damages to personal property in the sum of $150. Appeal to circuit court resulted in a verdict and judgment in favor of appellee for $75 and this appeal follows.

Appellant's contention, that the judgment is void for lack of jurisdiction of subject matter, must be sustained. The municipal court has jurisdiction concurrent with justices of the peace and the circuit court in actions for damages to personal property where the amount in controversy does not exceed $100. Ark. Stats., (1947), § 22-709. The jurisdiction of a court is determined by the amount sought to be recovered and not merely by the amount of the actual recovery. As the damages claimed exceeded $100 and arose out of an action for damages to personal property, the municipal court had no jurisdiction over the subject matter of the controversy, and the circuit court acquired none on appeal. Article 7, § 40, Constitution of 1874; *St. Louis Southwestern Ry. Co.* v. *O'Neal,* 163 Ark. 193, 259 S. W. 393; *Hively* v. *Jones,* 178 Ark. 1127, 13 S. W. 2d 612.

The question of jurisdiction of the subject matter cannot be waived, but is always open and may be raised for the first time on appeal. *Sibley, Receiver,* v. *Leek,* 45 Ark. 346; *Price* v. *Madison County Bank,* 90 Ark. 195, 118 S. W. 706; *Strahan* v. *The Atlanta National Bank,* 206 Ark. 522, 176 S. W. 2d 237.

The judgment is accordingly reversed, and the trial court being without jurisdiction, the cause is dismissed without prejudice.