LITTLE ROCK & FORT SMITH RAILWAY COMPANY *v.* SMITH.

Opinion delivered March 18, 1899.

1. RAILWAY—STOCK KILLING—COMPLAINT.—In an action against a railway company for killing stock, plaintiff should be required to state, with as much definiteness and certainty as possible, the time and direction and kind of train, and the particular point where the injuries occurred, in order that defendant may be enabled to make defense and avoid the necessity of subpœnaing an unnecessary number of witnesses. (Page 281.)

2. JUSTICE OF THE PEACE—JURISDICTION—SEVERAL TORTS.—In an action before a justice of the peace plaintiff may combine several causes of action for killing stock where the damage claimed in each of the several causes of action does not exceed one hundred dollars, though their aggregate amount exceeds that sum. (Page 281.)

Appeal from Franklin Circuit Court, Ozark District.

JEPHTHA H. EVANS, Judge.

*Dodge & Johnson*, for appellant.

A justice of the peace has no jurisdiction in matters of damage to personal property where the amount sued for exceeds $100; hence on appeal the circuit court acquired no jurisdiction. 44 Ark. 100; 45 Ark. 346; Const. 1874, art. 7, § 40; 47 Ark. 59; 48 Ark. 295. The complaint should have been made more specific, so as to state the locality and dates of the alleged torts. 59 Ark. 165; Pom. Rem. & Rem. Rights, § 554; Newm. Pl. & Pr. 246; 8 Oh. St. 293; 2 Comst. 506; 1 Russ. & Myl. 527; 2 Dan. Ch. Pr. 240; 2 N. Y. 507.

BUNN, C. J.   This is an action for the killing of a cow, a horse and two hogs by the negligent running of defendant's trains. The complaint was as follows:

"The plaintiff states that the defendant is a corporation owning and operating a line of railway through Franklin county, Arkansas, from Little Rock to Fort Smith. The said defendant, in said county, on the second day of November, 1896, through the negligence of its employees in the operation of its trains, killed a horse owned by the plaintiff of the value of $85, for which he prays judgment.

"For further cause of action the plaintiff states that on the — day of October, 1896, the employees of defendant negligently killed a cow belonging to the plaintiff, of the value of $25, for which he prays judgment.

"And for a further cause of action the plaintiff states that the employees of defendant negligently killed two hogs belonging to plaintiff, on the — day of November, 1896, of the value of three dollars.

"The plaintiff states that in the killing of said horse he was deprived of his use and in the manner further damaged in the sum of forty dollars; and in killing of said cow he was deprived of her use, to his further damage fifteen dollars.

"Wherefore plaintiff prays judgment for the full sum of one hundred and sixty-eight dollars, and for other relief.

(Sworn to and signed)   "JACOB SMITH."

On this complaint judgment was rendered in the justice court, by default, for the sum of $168, and in due time the defendant took its appeal to the circuit court.

In the circuit court the defendant demurred to the com-

plaint on two several grounds: First, because the justice court had no jurisdiction of the subject-matter of the action; second, because the complaint failed to set facts sufficient to constitute a cause of action. Before this demurrer was disposed of, the plaintiff filed an amended complaint. The demurrer was then overruled, and defendant saved exceptions, and filed its motion to compel plaintiff to make his complaint more specific and certain.

The amended complaint read as follows (omitting formal parts): 1st Paragraph. "That the said defendant on the ―― day of September, 1896, by and through the negligence of its trainmen and employees in the operation of its trains, carelessly and negligently killed a cow, the property of plaintiff, by striking said cow with the engine of defendant, operated upon said railroad, to the damage of plaintiff $30." 2d Paragraph. "The plaintiff further states that said defendant, in said county (Franklin), on or about the 4th day of November, 1896, by and through the carelessness of its employees in the operation of its engine and cars on said road, negligently killed a horse the property of the plaintiff, by striking said horse with the engine and cars of defendant, to the damage of plaintiff, $95." 3d Paragraph. "The plaintiff further states that the said defendant, on the ―― day of November, 1896, and on the ―― day of ―――, 1896, by and through the carelessness of its employees in the operation of the trains on said railway, negligently killed two hogs, the property of said plaintiff, to his damage $7, by striking said hogs with the engine of said defendant, and running upon them with said cars." Prayer for judgment for each item, and also for the aggregate, $187, which seems to be more than the claim.

It will be observed that the date of the killing of the cow is not alleged, nor is the county stated, except inferentially. The county and date of the killing of the horse is stated. The month, but not the day, of the killing of one of the hogs is stated, and the year of the killing of the other is stated, but neither day, nor month, nor county. The court overruled the motion to make plaintiff's complaint more specific, and defendant excepted.

The motion of defendant sets the several grounds thereof

at length, in various paragraphs, and concludes with the following: "Therefore, the premises considered, defendant prays the court to require the plaintiff to make his complaint more definite and certain, in this: That said plaintiff shall allege the specific day on which the injury is claimed to have occurred, and the course and character of the train, the hour of the day, and the particular point on the track, or else that plaintiff be required to give the number of the train by which defendant effects its operation; and if the plaintiff fails to make his complaint more specific in this relation, defendant moves the court to dismiss the same."

That the plaintiff should state, with as much definiteness and certainty as possible, the time and direction and kind of train, and the particular point where the injuries occurred, was altogether reasonable. So in respect to other particulars within his knowledge and belief, so as to identify the time and place, and the train which did the damage, in each case, as nearly as possible under the circumstances, to the end that the defendant might be enabled to prepare for their defense, and avoid the necessity of subpœnaing an unnecessary number of witnesses, and thus possibly decrease the efficiency of the service on their trains, and be put to unnecessary expense.

The motion should have been sustained, and plaintiff required to make his complaint definite and certain, or as much so as he could under the circumstances. For this error in overruling the motion, the judgment is reversed, and the case remanded, with instructions to sustain the motion, and require the plaintiff to make his complaint more definite and certain.

The question as to the jurisdiction of the justice of the peace to hear and determine the cause where the three separate damages for the several torts are each less than $100, but aggregate more than $100, is determined by a majority of the court in favor of the ruling of the court below on the demurrer to the jurisdiction, and in that respect its judgment is affirmed.