## MISSOURI PACIFIC RAILROAD COMPANY *v.* BERRY.

Opinion delivered November 18, 1929.

*Thomas B. Pryor* and *Harvey G. Combs,* for appellant.

*J. H. Black,* for appellee.

MEHAFFY, J. On October 16, 1928, the appellee filed suit in the justice court in Marion County, Arkansas, alleging that, on the second day of May, 1928, the railroad company recklessly, carelessly and negligently ran over and killed a bird dog belonging to appellee of the value of $100. It was alleged that the dog was killed about 11 o'clock in the forenoon of said day. After judgment in the justice court an appeal was taken to the circuit court.

The defendant filed a motion to require the complaint to be made more definite and certain and, among

other things, requested that he be required to state the direction and character of the train which struck plaintiff's dog. It stated that it could not prepare its defense until it knew what day the dog was killed, the time of day and the direction of the train and character of the train, whether passenger or freight. It alleged that it had several trains passing this point, and, without this information, it could not possibly be apprised of its defense.

The court overruled the motion, and appellant then filed an answer, denying all the material allegations of the complaint.

James Smith, a witness for the plaintiff, testified that he lived about 100 yards from the railroad. He had been a locomotive engineer for 32 years, but, at the time of testifying, he lived about one-half a mile northwest of Summit, and about 100 yards from the railroad. He had in his possession the dog that belonged to appellee, and had had it for about seven months. It was killed on the railroad. Witness found it along the track in a cut about one-fourth mile from his house. The cut was 1,200 feet long, cut through stone. The dog was found about 750 feet from the south end of the cut. The back part of its body was broken, its hips skinned, and there was blood on the ties. The cut at that place is about 20 or 25 feet high. This witness saw the dog about seven or seven-thirty in the morning when he left, and when he came back he found the dog about two or three o'clock in the afternoon. This witness did not know the exact date the dog was killed; did not remember whether it was May or June.

The appellee testified that the dog was killed about the first of May; he did not remember the exact date, but said he had filed a claim with the railroad company after the dog was killed which showed the exact date. He knew nothing about the killing of the dog. He testified that its market value was $100.

The engineer, Reedy, testifying for the appellant, said he was running an engine on the second day of May,

but he did not remember whether he was going north or south. He did not believe that he killed any dog. He saw some kind of a dog, which he did not think was a bird dog, but he did not think the train hit him. He testified he was keeping a proper lookout, and that it would have been impossible to stop the train and prevent the killing of the dog, but said he did not kill this dog. The dog was brown color, and he did not think it was a bird dog.

Another engineer, C. H. Jenkins, testified that he was an engineer for the Missouri Pacific, and had had experience both as engineer and fireman, and had seen many dogs, and hogs too. When you pass them in a cut, often the engine gets by, they get scared and try to get away, and go under the train. Witness has seen them jump in front of the train, and has also seen the engine hit them. This witness, however, did not testify anything about running a train at that place or at that time.

There was a verdict for $50 for the appellee, and appellant filed a motion for a new trial, which was overruled, and he prosecutes this appeal to reverse the judgment. While his motion for a new trial states several grounds, appellant only argues two. One of his grounds is that the evidence is insufficient to entitle appellee to recover, and the other is that the court erred in overruling his motion to make the complaint more definite and certain.

We think the testimony that the dog was found in a cut like the one described by witnesses, with his hips skinned and his back broken, and that blood was found on the ties, was sufficient to submit the question to the jury as to whether he was killed by the running of the train. And while the defendant said it ran several trains by there, the engineer who testified as to operating a train evidently was not operating the engine that killed this dog, and there was therefore no testimony showing that, at the time this dog was killed, the railroad company was exercising any care at all. The fact is that there is no testi-

mony from any employee operating the train at the time the dog was killed. If the dog was killed by the operation of the train, as the jury found, this made a *prima facie* case, and was sufficient to take the case to the jury, unless the railroad company offered some evidence that it was at the time in the exercise of care and did not negligently kill the dog. There is no such testimony in the record.

Appellant's next contention is that the court erred in overruling its motion to make the complaint more definite and certain. The complaint stated that it was on the second day of May, about 11 o'clock in the forenoon. This was certainly sufficient to enable the appellant to prepare for its defense. No one saw the dog killed, and it was therefore impossible for the plaintiff in his complaint to state what train killed him or what direction it was going. The appellee, however, testified that, while he was not sure of the time, he thought it was the first of May, but that, after the killing he notified the railroad company, and gave them the exact date when the dog was killed. It was true the witness Smith testified that he did not know whether it was May or June, but there was no objection to this testimony, and the testimony of the appellee himself makes it plain that it was the time alleged in the complaint, the second of May, and evidently between 7:30 in the morning and 3 in the afternoon. The railroad company had this information, and had it in time to make investigation and determine what witnesses it needed to show the operation of its train during those hours.

This is just a question of the sufficiency of the evidence, and we think the circumstances testified to are sufficient to connect the killing of the dog with the running of the train. Of course, the finding of a dog dead near the track would not of itself raise a presumption of negligence, but when the dog is found by the track with his back broken, his hips skinned and blood on the ties, we think this is sufficient from which the jury might conclude that the dog was killed by the operation of the

train, and, since there is no evidence by the persons who operated the train that killed this dog tending to show that they were in the exercise of care, the judgment must be affirmed. It is so ordered.