MISSOURI PACIFIC RAILROAD COMPANY ET AL. *v.* BURROW.

4-5011

Opinion delivered April 4, 1938.

*R. E. Wiley* and *Richard M. Ryan,* for appellants.

*F. D. Goza,* for appellee.

DONHAM, J. Suit was brought by appellee in the Hot Spring circuit court against the appellant to recover the value of a certain Walker hound dog. The dog was well trained to run fox and deer, and its value was alleged to be the sum of $125. Upon a trial of the issues, the jury returned a verdict for appellee in the sum of $85, the evidence being amply sufficient to sustain this amount.

The complaint was indefinite as to the time said dog was killed. The allegations as to time, number of the train, direction it was running at the time the dog was killed, etc., are as follows:

"That on or about October 16, 1936, plaintiff was the owner of one male hound dog about the age of three and one-half years. That on or about said date, the defendant, through its agents, servants and employees, carelessly and negligently operated one of its trains and ran over, on, against and killed plaintiff's dog, on the defendant's tracks near where highway No. 67, about four miles north of Malvern, crosses over said defendant's line of railroad, to the plaintiff's damage in the sum of $125. That plaintiff has no knowledge of the number of defendant's train nor the direction in which said train was traveling."

The appellant filed a motion to make the complaint more definite and certain as follows: "That the plaintiff be required to state at what time of day or night of October 16, 1936, said hound dog was killed. That the plaintiff be required to state in which direction said train was going and whether or not said train was a passenger or a freight train which is alleged to have killed his dog.

"That the defendant cannot successfully plead or make a defense herein without this additional information, as the defendant operates many trains and employs many crews in operating said trains over its main line track crossing said highway No. 67."

The court overruled said motion to make the complaint more definite and certain, to which action of the court in overruling said motion, appellant excepted. Failure to grant the motion to make more definite and certain was assigned in the motion for new trial as error. We, therefore, must decide whether the trial court committed error in overruling appellant's said motion to make the complaint more definite and certain.

In the case of *Little Rock & Fort Smith Railway Co.* v. *Smith,* 66 Ark. 278, 50 S. W. 502, involving an action for the killing of stock, this court laid down the rule as follows: "That the plaintiff should state, with as much definiteness and certainty as possible, the time and direction and kind of train, and the particular point where the injuries occurred, was altogether reasonable. So in respect to other particulars within his knowledge and belief, so as to identify the time and place, and the train which did the damage, in each case, as nearly as possible under the circumstances, to the end that the defendant might be enabled to prepare for its defense, and avoid the necessity of subpoenaing an unnecessary number of witnesses, and thus possibly decrease the efficiency of the service on its trains, and be put to unnecessary expense.

"The motion should have been sustained, and plaintiff required to make his complaint definite and certain, or as much so as he could under the circumstances. For this error in overruling the motion, the judgment is reversed, and the case remanded with instructions to sustain the motion, and require the plaintiff to make his complaint more definite and certain."

It will be noted that appellee alleged that his dog was killed on or about October 16, 1936, and that he had no knowledge of the number of the train that killed it nor the direction in which the train was going. But, in view of the rule as announced by this court in the Smith case, are these allegations sufficient? In other words, has appellee in the instant case stated with as much definiteness and certainty as possible the time his dog was killed? When the exact time is not known, as in the instant case, the rule requires that other particulars within the knowledge and belief of the plaintiff be stated so as to identify

the time, to the end that the defendant might be enabled to prepare its defense, and thus the necessity of subpoenaing an unnecessary number of witnesses be avoided.

It was shown that on the 16th of October, 1936, twenty-one trains passed the place where appellee's dog was killed. Therefore, if the engineer and fireman on each of these trains had been subpoenaed it would have been necessary for appellant to bring forty-two witnesses to court in an effort to establish a defense. Of course, this does not mean that appellee could not recover if he did not know the exact time his dog was killed. But it does mean that if he does not know the exact time, he should allege with definiteness the particulars within his knowledge and belief which would aid the defendant in arriving at the time as nearly as possible.

We believe that if appellee had alleged particular facts within his knowledge, the time of the killing of his dog would have been more definitely known to appellant, and that it would not have been necessary for appellant to have brought to court the great number of witnesses which otherwise would have been required.

Appellee testified: "I last saw my dog late one evening, about dark, along about the 16th of October. The 16th was Friday. If I remember right, it was sometime after dark. He was seen on Saturday morning dead. I know about when he was killed, but I do not know the hour. The dog was found there dead early Saturday morning."

Tom Bell testified: "I think probably I may have told Martin about his dog being out there. He said the dog had been running on the night before. I heard the dogs running the night before the dog was found the next morning."

Jack Kight, who viewed the carcass of the dog on Sunday, October 18th, when asked how long the dog had apparently been dead, said: "I guess twenty-four hours, or maybe thirty-six hours. It had begun to smell bad a little."

The above-quoted evidence, we believe, enabled appellee to make a more definite statement as to the time the dog was killed. The dog was killed in the community

where appellee lives. Appellee must have known when the dog was first missing. By interviewing the party who discovered the dog dead on the track on Saturday morning, we believe appellee could have ascertained approximately how long it had been since the dog had been killed. There was too much information available to appellee to permit him to allege that the dog was killed on or about the 16th of October, and to refuse to make further allegation of any of the particulars within his knowledge as to the time the dog was struck by the train. If appellant had been apprised of the facts revealed by the evidence hereinabove quoted, it would have been in better position to make defense.

Again we say we do not mean to hold that when one is unaware of the time of killing of his stock by a railroad train that he shall not be permitted to recover for the value thereof. But we do mean to hold that he should allege the time of the killing with as much definiteness and certainty as possible. If he has no direct information or knowledge of the time, he should allege any particulars within his knowledge that would aid in identifying the time and the train which did the damage, to the end that the railroad company might be enabled to prepare its defense and avoid the necessity of supoenaing an unnecessary number of witnesses. Of course, if appellee did not have any information or knowledge as to the time his dog was killed and there were no means open to him by which such information or knowledge could be obtained, he should have alleged in his complaint not only that he had no information or knowledge of the number of defendant's train that killed his dog and no information or knowledge of the direction in which the train was going, but he should have further alleged that he had no information or knowledge as to the time, whether day or night; and that he was, therefore, unable to make a more definite statement as to the time. If this had been done, it would have been necessary for appellant to go to trial. A motion to make a complaint more definite and certain as to time will not lie when the plaintiff alleges that a more definite time is to him unknown and that he has no information or knowledge that will

more definitely identify the time. Of course, if such allegations are made and it develops during the trial that the party making them had information or knowledge of certain facts that would assist in identifying the time, the defendant, having filed a motion to make the complaint more definite and certain and the court having overruled said motion, would have a right to move the court to withdraw the case from the jury and to continue the same in order that witnesses might be obtained to testify as to whether defendant was liable.

It follows from what we have said that the trial court erred in not sustaining the motion of appellant to require appellee to make his complaint more definite and certain. The judgment is, therefore, reversed and the cause remanded for a new trial, with directions to the trial court to sustain the motion of appellant to make the complaint more definite and certain as to the approximate time appellee's dog was killed.