MISSOURI PACIFIC RAILROAD COMPANY *v.* BURROW.

4-5653 133 S. W. 2d 13

Opinion delivered November 13, 1939.

*R. E. Wiley* and *Richard M. Ryan*, for appellant.

*F. D. Goza*, for appellee.

HOLT, J. This cause comes here on second appeal. The former opinion was on April 4, 1938, and is reported in 195 Ark. 980, 115 S. W. 2d 262. The cause was reversed for the error of the trial court in refusing to sustain appellants' motion to require the appellee (plaintiff below) to make his complaint more definite and certain as to the time the dog in question was killed, whether the train that ran over the dog was a passenger or freight train, and the direction the train was traveling.

Upon remand, plaintiff, appellee here, filed an amendment to his complaint alleging: "That his dog was killed on or about the morning of October 17, 1936, as alleged, by one of the defendants' southbound trains, the number and kind of said train being unknown to this plaintiff, all to plaintiff's damage in the sum of $125.00."

Appellants (defendants below) filed their motion to require appellee to make his complaint more definite and certain in this: "That the plaintiff be required to state at what time of day or night of October 17, 1936, said hound dog was killed; that the plaintiff be required to state in which direction said train was going and whether or not said train was a passenger or a freight train which is alleged to have killed said dog."

To this motion of appellants, appellee filed response alleging: "That the plaintiff does not know what train killed the dog nor what direction said train was traveling nor the time of the day."

Subsequent to the filing of this response by appellee, appellants renewed their motion to make more definite and certain and alleged, among other things, the following: "That the plaintiff be required to state the approximate time of the morning of October 17, 1936, one of defendants' southbound trains killed his dog; that the plaintiff also be required to state the character of said southbound train, whether a freight train or a passenger train; that the plaintiff be required to state from what source and upon what authority he bases his allegation in the response that the dog was killed by a southbound train."

Upon this motion of appellants being overruled by the court, appellants moved for a continuance and this motion the court also overruled. Thereupon appellants filed a response in which they denied each and every material allegation set out in plaintiff's response.

Appellants earnestly insist that the trial court erred in overruling their motion, and renewal of motion, to make plaintiff's complaint more definite and certain. It is insisted that the amendment to the complaint, which was filed in the instant case, is just as indefinite as the original complaint and gives the defendants no better knowledge or information as to when, where and what train killed the dog in question than did the complaint upon which the court reversed the cause on the former appeal.

It will be observed that the plaintiff in his amendment to his complaint alleges: "This dog was killed on or about the morning of October 17, 1936, as alleged, by one of the defendants' southbound trains, the number and kind of said train being unknown to the plaintiff." And in response to appellants' motion to make more definite and certain alleged: "That the plaintiff does not know what train killed the dog nor what direction said train was traveling nor the time of day."

In the former opinion in this cause, this court said: "Again we say we do not mean to hold that when one is unaware of the time of killing of his stock by a railroad train that he shall not be permitted to recover for the value thereof. But we do mean to hold that he should allege the time of the killing with as much definiteness and certainty as possible. If he has no direct information or knowledge of the time, he should allege any particulars within his knowledge that would aid in identifying the time and the train which did the damage, to the end that the railroad company might be enabled to prepare its defense and avoid the necessity of subpoenaing an unnecessary number of witnesses. Of course, if appellee did not have any information or knowledge as to the time his dog was killed and there were no means open to him by which such information or knowledge could be obtained, he should have alleged in his complaint not

only that he had no information or knowledge of the number of defendants' train that killed his dog and no information or knowledge of the direction in which the train was going, but he should have further alleged that he had no information or knowledge as to the time, whether night or day; and that he was, therefore, unable to make a more definite statement as to the time. If this had been done, it would have been necessary for appellants to go to trial. A motion to make a complaint more definite and certain as to time will not lie when the plaintiff alleges that a more definite time is to him unknown and that he has no information or knowledge that will more definitely identify the time.''

We are of the view that plaintiff's allegation in his amended complaint that his dog was killed on or about the morning of October 17th by one of defendants' southbound trains, the number and kind of said train being unknown to him, and in his response that he did not know what train killed the dog nor the time of day, was sufficiently specific and definite under the facts, and within the knowledge of plaintiff. Certainly he could not be required to allege what he did not know.

Appellants next contend that the jury's verdict is contrary to the evidence.

The record reflects that appellants introduced no evidence on the trial of the cause.

On the part of appellee there is evidence to the effect that the body of the dog in question was found lying between the rails and his head outside of the rails. There was blood on the ties and rails, grease on the body, the gravel on the roadbed was disturbed in a manner indicating that the dog's body had been rolled some thirty yards south from the point where the blood and a part of the body were found and there was also blood on the gravel.

The testimony further shows that the dog was heard to bark, while running, about two-thirty or three o'clock on the morning of the 17th near where his body was found, and that the dog's body was found around seven o'clock on the same morning.

We think this evidence sufficient to take the case to the jury, and as was said by this court in the case of *Mo.*

*Pac. R. R. Co.* v. *Berry,* 180 Ark. 437, 21 S. W. 2d 601: "If the dog was killed by the operation of the train, as the jury found, this made a *prima facie* case, and was sufficient to take the case to the jury, unless the railroad company offered some evidence that it was at the time in the exercise of care and did not negligently kill the dog. There was no testimony in the record."

As stated above, appellants introduced no testimony in an effort to overcome the *prima facie* case made by the plaintiff.

Appellants also complain that the verdict of $100 is excessive and that, should recovery be permitted, the verdict should not be allowed to stand for more than $65.00. It would serve no useful purpose to set out the evidence on this point. Suffice it to say that after a careful review of the testimony we are of the opinion that there is substantial evidence to support the jury's finding.

On the whole case, we find no errors, and accordingly the judgment is affirmed.